■ Allan Fried et al., Respondents, v Edward Straussman et al., Appellants.—In an action *inter alia* to enjoin defendants from preventing plaintiffs' visits and rendering of medical services to their patients who are residents of defendants' nursing home and health related facility, defendants appeal from a judgment of the Supreme Court, Nassau County, entered May 19, 1975, which, *inter alia,* granted the injunction. Judgment affirmed, with costs, upon the opinion of Mr. Justice Berman at Special Term. Rabin, Acting P. J., Hopkins, Martuscello and Brennan, JJ., concur; Munder, J., dissents and votes to reverse the judgment and dismiss the complaint, with the following memorandum: I would reverse the judgment for several reasons. First, the majority relies upon the opinion at Special Term which, in turn, relied in part upon sections 2801-b and 2801-c of the Public Health Law. The latter section gives the Supreme Court jurisdiction to enjoin violations of article 28 of the Public Health Law. It further provides that an action for such relief is to be brought by the Attorney-General upon request of the Public Health Council or the commissioner. Since none of these procedures were followed, I see no basis for relying upon the above-mentioned sections. Second, assuming that section 2801-b is applicable, it provides, in substance, that it shall be an improper practice for the governing

body of a hospital to deny or withhold staff membership or professional privileges in a hospital from a physician *without stating the reasons therefor.* Here, that was done by defendants and there was ample support and justification for one or more of the reasons. For instance, defendants complained that plaintiffs made excessive visits to their Medicare and Medicaid patients. In support, defendants offered testimony by Dr. Lester Corn, medical consultant to the facility, that there were excessive visits and that such visits were psychologically harmful to their patients. Also, the Deputy Commissioner of Health for Nassau County, Dr. Murray, concluded that as much as 75% of the visits made by plaintiffs were unnecessary. Finally, I agree with defendants' contention that there was simply no cause of action proven. The nursing home and health related facility in question here is privately owned and operated. It is a hospital within the definition contained in section 2801 of the Public Health Law. True, it receives Medicare and Medicaid funds but that does not change its essential character. As noted in *Halberstadt v Kissane* (31 AD2d 568), "It is well established that the receipt of public funds and tax exemption do not alone transform an otherwise private hospital into a public one in this State". Since it is private, it should have the right to choose who shall serve on its staff and use its facilities. The hospital must have complete confidence in those it hires, particularly in this era when the ghost of malpractice looms ever present on the horizon. I agree with the following view expressed in *Matter of Shiffman v Manhattan Eye, Ear & Throat Hosp.* (35 AD2d 709): "Accordingly, we decline to depart from the well-established rule that the courts will not oversee the exclusion of physicians from private hospital staffs, leaving such actions to the boards of directors of the respective hospitals, in accordance with the latter's by-laws. (See *Leider v. Beth Israel Hosp. Assn.,* 33 Misc. 2d 3, affd. 13 A. D. 2d 746, affd. 11 N. Y. 2d 205; 27 N. Y. Jur., Hospitals and Asylums, § 11.)" [82 Misc 2d 121.]