### (January 15, 1979)

■ KATHERINE ASHLEY, Appellant, v NYACK HOSPITAL et al., Respondents.—In an action, *inter alia,* for an injunction enjoining the defendants from terminating the plaintiff's privilege of practicing "private duty nursing" at defendant Nyack Hospital, and for monetary damages, the plaintiff appeals from a judgment of the Supreme Court, Rockland County, entered April 7, 1977, which, after a nonjury trial, dismissed the complaint. The appeal also brings up for review an order of the same court, which denied a motion for a new trial. Judgment and order affirmed, with costs. From 1959 to 1970, the plaintiff, a registered nurse, had visiting privileges as a "private duty nurse" with defendant Nyack Hospital, a private institution. Her name was placed in the nurses registry to be called when there was need for a private duty nurse. It is undisputed that the plaintiff was not a salaried

employee of the hospital; nor did it bill patients on her behalf. In the latter part of 1970 the hospital informed the plaintiff that her visiting privileges for the purpose of practicing private duty nursing at the hospital were being terminated by reason of her abusive criticism of certain members of the medical staff which had a disruptive and disharmonious effect on staff operations. Subsequently, the plaintiff commenced the instant action in the Supreme Court, Rockland County, seeking injunctive relief and monetary damages on the ground that the termination of her private duty nursing privileges was wrongful and was accomplished without the benefit of requisite procedural due process. The trial court dismissed the complaint, stating essentially that the plaintiff does not fall under the class of professionals protected by subdivision 1 of section 2801-b of the Public Health Law. Hence, under the common law (which would apply absent the foregoing statute) a nurse has no cause of action against a private hospital for denial of visiting privileges unless based on contract (see *Leider v Beth Israel Hosp. Assn.,* 11 NY2d 205, 208-209). Subsequently, the plaintiff moved for a new trial on the ground that Mr. Justice Cerrato, the Supreme Court Justice who presided over the nonjury trial, was "only" a "Westchester County" Supreme Court Justice, who had no power or jurisdiction in Rockland County. It was alleged that the foregoing was true inasmuch as the Appellate Division's assignment of Mr. Justice Cerrato to the January 1977 Term of the Supreme Court, Rockland County, was illegal under section 87 of the Judiciary Law because the document lacked the signatures of *all* of the Justices of this court. Special Term denied the motion. The plaintiff appeals from the judgment and the order denying the motion for a new trial. There should be an affirmance of both the judgment and order. With respect to the appeal from the judgment, we agree with the trial court that the umbrella of subdivision 1 of section 2801-b of the Public Health Law affords the plaintiff no protection. Aside from the obvious fact that the statute is restricted to a "physician, podiatrist or dentist," the statute was actually not enacted until 1972, almost two years after the events complained of herein (see L 1972, ch 284, § 1, eff May 15, 1972). We likewise reject the plaintiff's argument, in reliance upon *Fried v Straussman* (82 Misc 2d 121, affd 50 AD2d 919), that the actions of a private hospital are "state action" within the technical meaning of the Fourteenth Amendment, sufficient to warrant stringent adherence to complete procedural due process prior to termination of plaintiff's visiting privileges. That case was reversed by the Court of Appeals (41 NY2d 376), specifically on the ground that the action of a private hospital does not constitute State action (see, also, *Ascherman v Presbyterian Hosp. of Pacific Med. Center,* 507 F2d 1103, 1104-1105). With respect to the appeal from the order denying the plaintiff's motion for a new trial, it is exceedingly clear that the Appellate Division's assignment of Mr. Justice Cerrato to the Supreme Court, Rockland County, was lawful at such time as the Presiding Justice affixed his signature to the document, on behalf of the Appellate Division (see Judiciary Law, §§ 86, 87, 147-a, 216, subd 2). Mollen, P. J., Hopkins, Shapiro and Martuscello, JJ., concur.