there are no meritorious points which could be raised on this appeal. Concur
—Birns, J. P., Fein, Bloom, Lane and Markewich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY DAWSON, Appellant.—Judgment, Supreme Court, New York County, rendered on November 29, 1977, unanimously affirmed. Application by appellant's counsel to withdraw is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur—Birns, J. P., Fein, Bloom, Lane and Markewich, JJ.


(Republished)

■ ANNE R. SATIN, Respondent, v SHELDON B. SATIN, Defendant, and JOAN SATIN et al., Appellants.—Order, Supreme Court, New York County, entered April 11, 1978 on reargument, which denied the cross motion to dismiss the sixth and seventh causes of action of the amended complaint for failure to state a cause of action, reversed to the extent appealed from, to dismiss said sixth and seventh causes of action, on the law, without costs. The plaintiff alleges that she was prevailed upon to reduce a provision for support in a separation agreement and that the modification agreement was entered into on the basis of false and fraudulent representations made by the defendant former husband. The sixth and seventh causes of action allege conspiracy among the husband, his then second wife, and his corporation. There is no tort of civil conspiracy in and of itself. There must first be pleaded specific wrongful acts which might constitute an independent tort. *(Miller v Spitzer,* 224 App Div 39, 41.) Here, the only such wrongful action is pleaded against the husband alone in the fourth and fifth causes. In any event, it is doubtful that there could here be a conspiracy between this individual and his own corporation. *(Bereswill v Yablon,* 6 NY2d 301, 305.) Concur—Kupferman, J. P., Sullivan, Markewich and Lupiano, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v ROBERT THOMAS—Motion for reargument granted to the extent of withdrawing the last paragraph of the memorandum decision filed with the order of this court entered on March 13, 1979, and substituting a new last paragraph therefor, and the motion is otherwise denied. The new last paragraph shall read as follows: Counsel for defendant has urged an additional point which should be disposed of in advance of a new trial. It is contended that the statement made by defendant to the Assistant District Attorney should be suppressed on the ground that the *Miranda* warnings notified defendant only of his right to an attorney and did not include the admonition that he had the right to have an attorney present at the interrogation. The precise questions and answers were: "Q. Do you understand that you have the right to an attorney? A. Yes." "Q. And that if you cannot afford an attorney the Court will appoint one for you free of charge. Do you understand?" "A. Yes". We think that this was an adequate notification to defendant of his right to counsel. Defendant's reliance on *People v Bowers* (45 AD2d 241) is misplaced. Although that case contains language seemingly applicable, it dealt with a situation where counsel had, in fact, been requested by the defendant. The failure to supply an attorney resulted in the granting of the motion to suppress. *People v Dunnett* (44 AD2d 733), while more closely in point, deals with a far less formal reading of defendant's *Miranda* rights.

Hence, we do not think these cases controlling. Concur—Sandler, J. P., Bloom, Lane, Markewich and Lupiano, JJ.