■ ALAN GINSBURG, Appellant, v REDMOND FINISHING Co. et al., Respon-

dents.—Order, Supreme Court, New York County, entered August 23, 1979, unanimously modified, on the law, to the extent of striking CPLR 3211 (subd [a], par 2) from the first decretal paragraph as the ground for dismissal and substituting CPLR 3211 (subd [a], par 7) therefor, and, as so modified, affirmed, with one bill of costs to respondents. Plaintiff has been president and a director of defendant Redmond Finishing Co., a Pennsylvania corporation, since 1956. He owns 49% of the shares. The remaining 51%, the majority balance of the shares, has been held since 1961 by defendant Ginsburg Manufacturing Co., a New York corporation. A 1962 shareholders' agreement set strict guidelines for the sale or other disposal of either's holdings, to wit: (1) sale must include all of the stock held by the seller; (2) right of refusal must first be given to the corporation and then to the other shareholder(s); (3) liquidation and dissolution must follow should either the corporation or the other shareholder(s) fail to buy. The same procedure would apply to the estate of a deceased shareholder. Where "the offer of the sale of the stock is accepted, the valuation of such stock shall be as of the last Federal Income tax return filed by the Corporation with the Internal Revenue Department, in which the offer of sale has been accepted, and the parties hereto agree to such valuation." Plaintiff alleges that ever since 1956 defendant majority shareholder and the individual defendants have been mismanaging the corporation, wasting its assets, and maintaining false and inaccurate books and financial records so as to siphon off assets to a wholly owned corporate subsidiary, defendant Redmond Realty, Inc., to the detriment of the parent corporation and to plaintiff, its minority shareholder. Such mismanagement and fraud, it is further alleged, included the filing of corporate Federal income tax returns since 1956 which failed to reflect the true income, earnings and profits of the corporation, thus presenting an untrue valuation of the corporate stock. Plaintiff further alleges: "In order to determine the true value of the stock of Redmond in the event of a sale of stock or liquidation of Redmond, Redmond's United States Income Tax Returns should be amended by defendants to reflect the true and correct earnings of Redmond for each of the years in question and based thereon to correctly reflect its true current value." The sole relief sought is that the corporation be directed to file amended tax returns for the years 1956 to the present, so as to "reflect the true earnings and losses". Special Term dismissed the complaint for lack of jurisdiction to direct the filing of amended Federal income tax returns, ruling that this was a matter of exclusive Federal jurisdiction. While the Federal courts do have "original" jurisdiction over civil matters involving internal revenue (US Code, tit 28, § 1340), there may well be concurrent jurisdiction, absent a clear Congressional expression of exclusivity in the Internal Revenue Code (see *Sands v Weingrad,* 99 Misc 2d 598, 600-601), and assuming any court has power to direct the filing of an amended Federal tax return. We have concluded that it is unnecessary to resolve this issue in the light of the fact that plaintiff has simply failed to state a cause of action. The complaint in this individual action is couched in terms of conspiracy to waste corporate assets and misstate, thereby concealing, the true value of the corporate stock. There is no substantive cause of action for conspiracy *(Satin v Satin,* 69 AD2d 792). Under the terms of the shareholders' agreement, the validity of which is not being challenged, plaintiff would only be aggrieved if he were prevented from realizing true value on a sale of his stock. Nowhere in the complaint or plaintiff's other papers is it alleged that plaintiff has offered to sell his stock. On oral argument it was conceded there was no such offer. Accordingly there is no basis for the sole relief sought. No cause of action is stated.

It is undisputed that there is now pending a shareholders' derivative action brought by plaintiff against these defendants, containing substantially the same allegations. If that action is successful it may be necessary to invoke appropriate procedures for amending the Federal tax returns for some if not all of the periods involved. However, that issue is not properly here, in the absence of an offer by plaintiff to sell his stock, necessary to trigger the valuation procedure. Concur—Fein, J. P., Ross, Markewich, Lupiano and Silverman, JJ.