■ JOHN O'DONNELL, Respondent, v WESTCHESTER COMMUNITY SERVICE COUNCIL, INC., et al., Appellants. — In an action to recover damages for, *inter alia,* abusive discharge and breach of contract, and for injunctive relief, defendants appeal from so much of an order of the Supreme Court, Westchester County (Coppola, J.), entered February 22, 1982, as denied the branch of their motion which sought dismissal of the seven causes of action asserted in plaintiff's amended complaint. Order reversed insofar as appealed from, on the law, with costs, the branch of defendants' motion which sought dismissal of plaintiff's causes of action granted, and amended complaint dismissed. Special Term erred in finding that the amended complaint set forth sufficient allegations to constitute the seven causes of action asserted. The amended complaint alleges that defendants breached their contract of employment with plaintiff and that they caused him to suffer the torts of abusive discharge, defamation and prima facie tort. The fourth cause of action alleges damages, including anxiety, humiliation and indignities, and the seventh alleges pecuniary losses. Plaintiff maintains that the fourth cause states a cause of action for intentional infliction of emotional distress. The abusive discharge cause of action must be dismissed, since the Court of Appeals has recently held that a cause of action in tort for abusive or wrongful discharge of an employee is not recognized in New York (see *Murphy v American Home Prods. Corp.,* 58 NY2d 293). The first cause of action must fall as well. Although an action for breach of an employment contract can, under certain circumstances, be maintained where employment is not for a fixed term, plaintiff has failed to allege facts sufficient to establish the existence of such a contract (see *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458). Unlike *Weiner,* plaintiff does not maintain (1) that he was induced to leave his prior job with the assurance that he would not be dismissed by defendants without just cause, (2) that there was such an assurance contained in an employment application, (3) that he rejected other offers of employment in reliance of such an assurance, and (4) that employment was subject to provisions in a personnel policy and procedure handbook, stating that dismissal would be for just cause only, and only after steps toward rehabilitation of the employee had been taken and had failed. Accordingly, there can be no action maintained for breach of contract. The third cause of action, alleging prima facie tort, should also have been dismissed. The Court of Appeals has held that a "[p]laintiff cannot, by the device of an allegation that the sole reason for the termination of his employment by these public officials acting within the ambit of their authority was to harm him without justification (a contention which could be advanced with respect to almost any such termination), bootstrap himself around a motion addressed to the pleadings" (*James v Board of Educ.,* 37 NY2d 891, 892; see, also, *Murphy v American Home Prods. Corp.,* 58 NY2d 293, 303-304, *supra; Kushner v Ciba-Geigy Corp.,* 76 AD2d 950). The conclusory allegation by plaintiff of malice does not supply the deficiency in the pleading. A prima facie tort cause of action "cannot be allowed in circumvention of the unavailability of a tort claim for wrongful discharge or the contract rule against liability for discharge of an at-will employee" (*Murphy v American Home Prods. Corp., supra,* p 304). We note further that plaintiff fails to allege special damages as part of his prima facie tort cause of action (see *ATI, Inc. v Ruder & Finn,* 42 NY2d 454, 458). Plaintiff's claim that he was caused to suffer the tort of the defamation of his character "by [defendants'] discharge of him" must fall as well. The tort of defamation requires words, not merely actions, the existence of which plaintiff fails to allege. Hence, the fifth cause of action cannot stand. In his sixth cause of action, plaintiff alleges that he suffered the defamation of his character "by the report of [defendants'] evaluation of him as an employee". Plaintiff again fails, however, to set forth in his complaint the words complained of or that

there was publication of the words (see *Sorge v Parade Pub.*, 20 AD2d 338). Accordingly, that cause of action must be dismissed as well. Finally, even if the fourth cause of action is read as an attempt to allege intentional infliction of emotional distress, rather than merely a claim for damages based on the preceding causes of action, plaintiff has failed to allege that defendants' conduct was extreme and outrageous, or that it exceeded all bounds usually tolerated by decent society (see *Fischer v Maloney,* 43 NY2d 553, 557). Since the seventh cause of action clearly alleges only damages based on the preceding causes of action, it does not itself state a cause of action. Accordingly, none of plaintiff's alleged causes of action is viable, and the amended complaint must be dismissed in its entirety. Mollen, P. J., Damiani, Lazer and Mangano, JJ., concur.