■ ALEXANDER E. UTAS, Appellant, v POWER AUTHORITY OF THE STATE OF NEW YORK et al., Respondents. — In an action, *inter alia,* pursuant to section 1983 of title 42 of the United States Code to enjoin defendants from terminating plaintiff's employment without a hearing, plaintiff appeals from (1) an order of the Supreme Court, Queens County (Kunzeman, J.), dated July 12, 1982, which granted defendants' motion for partial summary judgment as to part of the first cause of action and the entire second cause of action, and (2) a further order of the same court (Miller, J.), dated November 23, 1982, which granted defendants' motion to dismiss the remainder of the first cause of action for failure to state a cause of action, dismissed the complaint, with prejudice, and vacated a previously granted preliminary injunction. Orders affirmed, without costs or disbursements. Plaintiff has failed to establish that a triable issue of fact exists as to whether there was an implied contract of employment between him and the defendant Power Authority. Although an action for breach of an employment contract can, under certain circumstances, be maintained where employment is not for a fixed term (see *Weiner v McGraw Hill,* 57 NY2d 458), the facts as asserted by plaintiff are insufficient to warrant submission of the question of the existence of a contract to a jury. Unlike *Weiner,* we are not confronted with a situation where (1) plaintiff was induced to leave his prior employment with the assurance that defendant would not fire him without cause, (2) this assurance was incorporated into the employment application, (3) plaintiff rejected other offers of employment in reliance

on the assurance, and (4) employment was subject to the provisions in a handbook which stated that dismissal would be for " 'just and sufficient cause only, and only after all practical steps toward rehabilitation or salvage of the employee have been taken and failed' " (*Weiner v McGraw Hill, supra*, p 460). Accordingly, there is no basis for an action for breach of contract, nor for relief pursuant to section 1983 of title 42 of the United States Code for violation of plaintiff's property interest in continued employment. Plaintiff's cause of action seeking relief pursuant to section 1983 of title 42 of the United States Code for violation of his liberty interest in his good name and reputation was properly dismissed as well. The complaint failed to allege that there was public dissemination by defendants of the reasons for plaintiff's dismissal (see *Matter of Thomas v New York Temporary State Comm. on Regulation of Lobbying*, 56 NY2d 656; *Bishop v Wood*, 426 US 341, 348-349). Furthermore, the evidence submitted by plaintiff in opposition to the motions failed to establish that there was such publication and, accordingly, there would be no basis for permitting plaintiff to amend his complaint. Mollen, P. J., Weinstein, Brown and Rubin, JJ., concur.