■ LAWRENCE GOULD, Respondent, v COMMUNITY HEALTH PLAN OF SUFFOLK, INC., et al., Appellants. — In an action, *inter alia,* to recover damages for breach of contract, the appeal is from an order of the Supreme Court, Suffolk County (Gerard, J.), dated July 1, 1982, which, *inter alia,* granted those branches of plaintiff's motion which sought to amend his complaint by adding Maureen Martus as an additional party defendant, and by asserting two additional causes of action, and denied defendants' cross motion to dismiss the complaint or, in the alternative, for summary judgment. Order reversed, on the law, with costs, plaintiff's motion denied, and that branch of defendants' cross motion which sought summary judgment dismissing the complaint is granted. Plaintiff began his employment with defendant Community Health Plan of Suffolk (CHPS) in a part-time capacity on October 1, 1978. On July 1, 1979, he became a full-time CHPS employee. By letter dated June 26, 1980, the CHPS director, defendant Martin Posner, notified plaintiff that his employment was to be terminated as of July 11, 1980. Following a meeting of the grievance committee at which plaintiff, Posner, and others appeared, the personnel committee of the board of directors reinstated plaintiff in a part-time, probationary capacity, effective as of July 21, 1980. In the interim, plaintiff commenced this action in which four causes of action were set forth. The first cause of action alleged breach of contract and wrongful termination, the second, fraud and misrepresentation, the third, prima facie tort, and the fourth, violation of his civil and constitutional rights under the Fourteenth Amendment to the United States Constitution. While this action was pending, plaintiff was discharged from employment with CHPS on December 19, 1980. Thereafter, plaintiff moved to amend the complaint to add a fifth cause of action alleging that the termination of his employment and a subsequent denial of a hearing before the grievance committee were illegal, and a sixth cause of action alleging a conspiracy between defendants Posner and Martus with respect to his dismissal. It is undisputed that plaintiff's employment was pursuant to an oral agreement and was without a specific termination date. Consequently, his employment was, prima facie, a hiring at will, and his dismissal would not give rise to a cause of action for breach of contract (see *Martin v New York Life Ins. Co.,* 148 NY 117, 121; *Parker v Borock,* 5 NY2d 156, 159). Plaintiff has attempted to raise triable issues of fact with respect to whether the CHPS' personnel policies and benefits gave rise to an implied contract of employment which limited CHPS' right of termination (see, generally, *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458; *Murphy v American Home Prods. Corp.,* 58 NY2d 293; *Parker v Borock, supra*). Plaintiff's vague allegations about the nature of the optometry practice he surrendered in exchange for the position he accepted with CHPS, and his further allegations about being advised he could have the job as long as he wanted it, and that he would

receive security from CHPS' personnel policies, are insufficient for purposes of withstanding defendants' motion for summary judgment (*Utas v Power Auth.,* 96 AD2d 940). Accordingly, that branch of plaintiff's motion which sought to amend the complaint by adding a fifth cause of action should not have been granted, and that branch of defendants' cross motion which sought summary judgment dismissing the first cause of action should have been granted. Plaintiff's second cause of action must also be dismissed because no cause of action for fraud arises "when the only fraud charged relates to a breach of contract" (see, e.g., *Miller v Volk & Huxley,* 44 AD2d 810; *Chase v United Hosp.,* 60 AD2d 558). Furthermore, failure to fulfill promises to perform acts in the future is a breach of contract, and not fraud (see *Fletcher v Greiner,* 73 AD2d 591; *Wegman v Dairylea Coop.,* 50 AD2d 108, app dsmd 38 NY2d 710). Plaintiff's third cause of action for prima facie tort likewise fails because the record does not demonstrate the requisite malicious motivation behind CHPS' termination of plaintiff's employment, or that such action was without economic or social justification (see *Murphy v American Home Prods. Corp., supra,* pp 303-304; *Chin v American Tel. & Tel. Co.,* 96 Misc 2d 1070, affd 70 AD2d 791, mot for lv to app den 48 NY2d 603). Plaintiff's fourth cause of action, framed in terms of a deprivation of his right to due process in contravention of the Fourteenth Amendment, must be dismissed because although CHPS may have been subject to Federal and State financial support and regulation, its action in dismissing plaintiff does not constitute the requisite "state action" necessary to invoke the protections of the due process clause of the Fourteenth Amendment (see, e.g., *Fried v Straussman,* 41 NY2d 376, 379, quoting from *Jackson v Metropolitan Edison Co.,* 419 US 345, 350; *Ashley v Nyack Hosp.,* 67 AD2d 671, 672; cf. *Wernham v Moore,* 77 AD2d 262, 264-265). Lastly, plaintiff's attempt to assert a sixth cause of action, alleging a conspiracy between Posner and Martus to breach his contract of employment, must also fail. There is no tort of civil conspiracy (see *Ginsburg v Redmond Finishing Co.,* 75 AD2d 505). Plaintiff has failed to make out any specific wrongful acts on defendants' part which might make out an independent tort (see *Satin v Satin,* 69 AD2d 792). Thus, plaintiff's motion should have been denied, defendants' cross motion for summary judgment granted, and the complaint dismissed. Gibbons, J. P., Thompson, Weinstein and Brown, JJ., concur.