In an action, inter alia, to recover damages for breach of contract, defendant appeals from so much of an order of the Supreme Court, Kings County (Mirabile, J.), dated May 10, 1984, as denied that branch of its motion as sought summary judgment dismissing plaintiff’s first cause of action.
Order reversed, insofar as appealed from, on the law, with costs, the aforenoted branch of defendant’s motion granted, and complaint dismissed in its entirety.
While it is true that under certain circumstances an action for breach of an employment contract can be maintained where the employment is not for a fixed term (see, Weiner v McGraw-Hill, Inc., 57 NY2d 458), plaintiff’s vague and conclusory allegations are insufficient to withstand defendant’s motion for summary judgment. We note that in contrast to Weiner, there is no reference in this case to any handbook or brochure provision which declares that dismissal would occur for “ just and sufficient cause only, and only after all practical steps toward rehabilitation or salvage of the employee have been taken and failed’” (Weiner v McGraw-Hill, Inc., supra, p 460). Rather, plaintiff mistakenly relies on general policy statements and supervisory guidelines (Citera v Chemical Bank, 105 AD2d 636; Patrowich v Chemical Bank, 98 AD2d 318, appeal dismissed as against defendant Chemical Bank 62 NY2d 801, dismissal of complaint as to defendant Corney affd 63 NY2d 541).
Moreover, plaintiff’s employment application neither contained nor alluded to any assurance that he would not be dismissed by defendant without just cause (cf. Weiner v McGraw-Hill, Inc., supra, p 460).
Plaintiff’s vague allegations relating to the security he would receive from defendant’s personnel policies and the offers of employment he rejected in reliance on promises of job security are also inadequate for the purpose of withstanding defendant’s motion (see, Gould v Community Health Plan, 99 AD2d 479; Patrowich v Chemical Bank, supra, p 323).
Accordingly, that branch of defendant’s motion which sought summary judgment dismissing the first cause of action should have been granted (see also, Utas v Power Auth., 96 AD2d 940; O’Donnell v Westchester Community Serv. Council, 96 AD2d 885). Titone, J. P., Thompson, O’Connor and Eiber, JJ., concur.