■ JOEL M. KOTICK, Respondent, v SHARAD DESAI et al., Appellants.—In an action to recover damages for alleged breach of contract, fraud and false representation, the defendants appeal from an order of the Supreme Court, Nassau County (Murphy, J.), dated December 21, 1984, which denied their motion for summary judgment dismissing the complaint on the ground that the cause of action is based on an oral agreement subject to the Statute of Frauds.

Justice Weinstein has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Ordered that the order is reversed, on the law, without costs or disbursements, the motion is granted, and the complaint is dismissed.

The plaintiff alleged that in May 1978 he entered into an oral agreement with the defendants to treat orthodontic patients in the office of the defendants. This agreement allegedly contemplated a "permanent position to last as long as the plaintiff was physically capable". The plaintiff further asserted that the defendants never intended to abide by the agreement, thus fraudulently inducing him to enter it. The plaintiff treated patients from June 1978, until February 11, 1981, when the defendants terminated his employment.

Prior to the service of their answer, the defendants sought dismissal of the complaint for failure to state a cause of action. However, Special Term denied the motion. After joinder of issue, the defendants further sought an order dismissing the complaint on the ground that the cause of action was based on an oral agreement which is unenforceable under the Statute of Frauds. By order dated December 21, 1984, Special Term denied defendants' second motion, predicating its ruling solely on the basis that admissions in the pleading were sufficient to satisfy the memorandum requirement of the Statute of Frauds.

The defendants' motion, made after joinder of issue, was one for summary judgment *(see,* CPLR 3212; *Impastato v*

*De Girolamo,* 95 AD2d 845, 846). Upon a motion for summary judgment, this court may search the record and consider all that is before it and on appeal may grant the judgment which Special Term could or should have granted *(Matter of Knickerbocker Field Club v Site Selection Bd.,* 41 AD2d 539, 540). Accordingly, we need not reach the defendants' Statute of Frauds defense since the plaintiff's employment was characterized as "permanent" and was for an unspecified period of time. Thus, it was, prima facie, a hiring at will *(see, Arentz v Morse Dry Dock & Repair Co.,* 249 NY 439). Termination of such "permanent" or at will employment does not give rise to a cause of action for breach of contract. At-will employment permits either party to terminate the employment relation without advance notice, and neither party has any cause of action against the other for terminating the employment *(O'Connor v Eastman Kodak Co.,* 65 NY2d 724, 725; *Martin v New York Life Ins. Co.,* 148 NY 117, 121; *Parker v Borock,* 5 NY2d 156, 159; *Gould v Community Health Plan,* 99 AD2d 479; *Patrowich v Chemical Bank,* 98 AD2d 318, 323, *affd* 63 NY2d 541; *Grozek v Ragu Foods,* 63 AD2d 858; *Chase v United Hosp.,* 60 AD2d 558; *Hill v Westchester Aeronautical Corp.,* 112 AD2d 977).

Under certain circumstances, an action to recover damages for breach of an employment contract may be maintained, notwithstanding the indefinite term *(see, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458). However, unlike *Weiner,* we are not confronted with a situation where (1) the plaintiff was induced to leave his prior employment with the assurance that the defendant would not fire him without cause, (2) this assurance was incorporated into the employment application, and (3) employment was subject to the provisions in a handbook which stated that dismissal would be for just and sufficient cause only *(Weiner v McGraw-Hill, Inc., supra,* p 460). The plaintiff's allegation that the defendants promised him a "permanent position to last as long as the plaintiff was physically capable", is insufficient to bring this case within the limits of *Weiner (see, O'Connor v Eastman Kodak, supra; Patrowich v Chemical Bank, supra,* p 323; *Utas v Power Auth.,* 96 AD2d 940; *Toshiba Am. v Simmons,* 104 AD2d 649; *Gould v Community Health Plan,* 99 AD2d 479, *supra; Sabetay v Sterling Drug,* 114 AD2d 6).

The plaintiff's additional allegations of fraud and false representation also do not make out a cause of action. It is well recognized that a cause of action to recover damages for fraud is not made out when the only fraud charged relates to

the breach of a contract. The addition of an allegation of scienter will not transform a breach of contract action into one to recover damages for fraud *(C.B. Western Fin. Corp. v Computer Consoles,* 122 AD2d 10; *Miller v Volk & Huxley,* 44 AD2d 810). Accordingly, we reverse and dismiss the complaint for failure to state a cause of action. Bracken, J. P., Weinstein, Kunzeman and Kooper, JJ., concur.