■ ERNEST H. FLOWERS, Appellant-Respondent, v NORTH SHORE UNIVERSITY HOSPITAL, Respondent-Appellant.—In an action, *inter alia,* to recover damages for breach of an employment contract, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated August 30, 1985, as granted those branches of the defendant's motion which were to dismiss the first and second causes of action, and denied those branches of his cross motion which sought partial summary judgment on his third cause of action and dismissal of the defendant's affirmative defenses of waiver and estoppel.

The defendant cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was to dismiss the third cause of action.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to dismiss the third cause of action and substituting therefor a provision granting the aforementioned branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The complaint fails to state a cause of action for breach of the plaintiff's employment contract. The plaintiff was at all times an "at will" employee of the defendant, as he was hired for an indefinite period and his employment was not subject to the terms of any contract or collective bargaining agreement.

Although under certain circumstances an action to recover damages for breach of an employment contract may be maintained notwithstanding an indefinite term of the contract *(see, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458), at bar, the bare allegations of the complaint are insufficient to state such a cause of action *(see, Weiner v McGraw-Hill, supra; cf., Murphy v American Home Prods. Corp.,* 58 NY2d 293; *Kotick v Desai,* 123 AD2d 744; *Patrowich v Chemical Bank,* 98 AD2d 318, *appeal dismissed* 62 NY2d 801, *affd* 63 NY2d 541). Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.