■ NORA HICKEY, Respondent, v PENINSULA HOSPITAL CENTER et al., Appellants, et al., Defendant.—In an action, *inter alia,* to recover damages for breach of contract, the defendants Peninsula Hospital Center, Panzeca and Goldenberg appeal from so much of an order of the Supreme Court, Queens County (Graci, J.), dated November 12, 1985, as denied those branches of their motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (7) insofar as it is asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were to dismiss the complaint insofar as it is asserted against the appellants is granted, and the complaint is dismissed in its entirety.

On or about January 17, 1983, the plaintiff was hired by the defendant Peninsula Hospital Center as the full-time "Director of Nursing In-Service Department". According to the plaintiff, when she was hired, she was orally informed that the conditions of her employment would be governed by the hospital "Personnel Policy and Procedure Manual". In September 1983 the plaintiff requested and was granted permission to change from full-time to part-time status while she pursued doctoral studies in nursing. Approximately five months after requesting part-time status, and 13 months after she was hired, the plaintiff was discharged, allegedly due, *inter alia,* to a personality conflict which arose between her and another nursing supervisor.

Relying on various portions of the employee manual, the

plaintiff thereafter commenced suit against the hospital and certain individual defendants, alleging, *inter alia,* that by terminating her employment, the hospital breached an agreement not to discharge her without good and sufficient cause. Special Term denied those branches of the defendants' motion which were for dismissal of the complaint pursuant to CPLR 3211 (a) (7) insofar as it is asserted against the appellants. The appellants appeal from that determination. We reverse.

While under certain circumstances an action to recover damages for breach of an employment contract may be maintained notwithstanding the indefinite term of the employment *(see, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458), here, in contrast to the *Weiner* case, we are not confronted with a situation where (1) the plaintiff was induced to leave a prior employment with the assurance from the defendant that he or she could be discharged only for cause; (2) this assurance was incorporated into the employment application; and (3) the employment was to be subject to the provisions of a handbook which stated that dismissal would be for just and sufficient cause only *(see, Weiner v McGraw-Hill, Inc., supra,* at 460; *see also, Kotick v Desai,* 123 AD2d 744, 745; *Utas v Power Auth.,* 96 AD2d 940, *lv denied* 61 NY2d 601; *O'Donnell v Westchester Community Serv. Council,* 96 AD2d 885). We note, moreover, that the hospital "Personnel Policy and Procedure Manual" contains no reference to dismissal for just cause nor has the plaintiff alleged that she was ever informed that termination of employment would be for just cause only. The plaintiff's reliance upon a provision in the manual "Foreward", which states that "[e]mployees should have job security" and a further section of the manual which states that "[t]raining fosters a feeling of job security" is misplaced, as these statements represent, at best "general policy statements and supervisory guidelines" *(O'Connor v Eastman Kodak Co.,* 108 AD2d 843, *affd* 65 NY2d 724, *rearg denied* 65 NY2d 1054). The remaining sections of the manual upon which the plaintiff relies do not indicate that the plaintiff's employment was subject to termination for just and sufficient cause only.

Finally, we conclude—as the plaintiff has apparently conceded—that the remaining causes of action contained in the complaint fail to state claims upon which relief can be granted *(see, O'Donnell v Westchester Community Serv. Council, supra,* at 886; CPLR 3016 [a]; *Jakobsen v Wilfred Labs.,* 99 AD2d 525; *Gould v Community Health Plan,* 99 AD2d 479; *Weissman v Mertz,* 128 AD2d 609, *appeal dismissed* 69 NY2d

1036, *lv denied* 70 NY2d 607). Mollen, P. J., Lawrence, Weinstein and Kooper, JJ., concur.