■ TRACY HARTMAN, Respondent, v R. P. McCOY APPAREL, LTD., Appellant.—In an action to recover damages for intentional infliction of emotional distress and wrongful termination of employment, the defendant appeals from so much of an order of the Supreme Court, Nassau County (McCabe, J.), entered February 9, 1988, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the cross motion is granted and the complaint is dismissed.

The plaintiff alleges that she was induced to leave a permanent position with a large retail store by assurances of a promising future working for the defendant apparel corporation. She also claims that her employment with the defendant was terminated five weeks after it began due to the jealousy of one of her superiors, thereby causing her extreme emotional distress and damaging her reputation as a retail manager. As a result, she seeks damages for breach of an implied contract of employment and intentional infliction of emotional distress.

The plaintiff admits that she did not enter into a written contract of employment with the defendant or orally agree to a precise term of employment. As such, her employment was at will *(Arentz v Morse Dry Dock & Repair Co.,* 249 NY 439), allowing either party to terminate the employment relationship for any reason *(see, O'Connor v Eastman Kodak Co.,* 65 NY2d 724, *rearg denied* 65 NY2d 1054; *Patrowich v Chemical Bank,* 98 AD2d 318, *affd* 63 NY2d 541). While it is true that, under certain circumstances, an action to recover damages for breach of an employment contract may be maintained despite its indefinite term *(see, Weiner v McGraw-Hill, Inc.,* 57 NY2d 458; *Kotick v Desai,* 123 AD2d 744), the plaintiff herein has not alleged anything more than that she was orally assured by a representative of the defendant corporation that she had a "promising future" as its employee and that she relied on this assurance in leaving her prior position. We find these allegations insufficient to rebut the presumption that the plaintiff's employment was terminable at will *(see, Weiner v*

*McGraw-Hill, Inc., supra,* at 466-467; *O'Connor v Eastman Kodak Co., supra; Patrowich v Chemical Bank, supra; Murphy v American Home Prods. Corp.,* 58 NY2d 293; *Kotick v Desai, supra; Hill v Westchester Aeronautical Corp.,* 112 AD2d 977; *Toshiba Am. v Simmons,* 104 AD2d 649).

The defendant's second cause of action, couched as an intentional infliction of emotional distress claim, must also be dismissed *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, *supra; Lapidus v New York City Ch. of N. Y. State Assn. for Retarded Children,* 118 AD2d 122). Accepting all of the plaintiff's allegations as true, the defendant's conduct is far from being " 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community' " *(Fischer v Maloney,* 43 NY2d 553, 557, quoting from Restatement [Second] of Torts § 46 [1], comment d). Bracken, J. P., Rubin, Sullivan and Balletta, JJ., concur.