■ SUBURBAN LEAGUE FOR CEREBRAL PALSY, Respondent, v RICHMOND HILL HALL CORP., Defendant, and JOHN AIELLO, Appellant.—

The plaintiff is a charitable organization licensed by the New York City Department of Consumer Affairs (hereinafter DCA) to raise money for its charitable purposes by conducting bingo games. The plaintiff asserts that since 1977 it has leased certain premises from the defendant Richmond Hill Hall Corp. (hereinafter Richmond Hill) in order to conduct such games, and that Richmond Hill and its attorney, the defendant John Aiello, have wrongfully deprived the plaintiff of its ability to continue to do so at Richmond Hill's premises.

Pursuant to 9 NYCRR 5822.12, which is a regulation of the New York State Racing and Wagering Board (hereinafter the Board), a licensed, authorized organization (such as the plaintiff) may not be denied the right to a renewal lease "for the conduct of bingo [games] unless good and sufficient cause is shown by the lessor upon application to the municipal licensing authority", here, the DCA.

The plaintiff alleged that the Board authorized an amended rent schedule which, to the plaintiff's deprivation, enabled Richmond Hill to rent the premises to a third party, on the strength of a false representation by the appellant to the Board that DCA approved the change. According to the plaintiff's complaint, this assertedly wrongful violation of 9 NYCRR 5822.12 renders appellant, as Richmond Hill's attorney, liable based on theories of regulatory violations, conspiracy, abuse of process, and tortious interference with contract.

The appellant moved to dismiss the complaint pursuant to CPLR 3211 (a) (7), and the Supreme Court denied the motion. Because Richmond Hill, the lessor, did not move to dismiss or

join in the appellant's motion, we address only the appellant's claim that the complaint states no cause of action against him. We conclude that the appellant's motion to dismiss should have been granted.

We note at the outset that the above-cited regulation imposes a duty on the *lessor,* against whom the action is still pending. Moreover, the plaintiff's allegations against the appellant do not state a cause of action sounding in abuse of process *(Curiano v Suozzi,* 63 NY2d 113, 116), nor do they satisfy the elements of a cause of action to recover damages for tortious interference with contract as set forth in *Key Bank v Lake Placid Co.* (103 AD2d 19, 27; *see also, Novak v Rubin,* 129 AD2d 780, 782; *Smukler v 12 Lofts Realty,* 156 AD2d 161). Further, those allegations do not state a cause of action to recover damages for civil conspiracy, since there is no independent tort of civil conspiracy *(see, Gould v Community Health Plan,* 99 AD2d 479, 480; *Satin v Satin,* 69 AD2d 792). Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.