■ In the Matter of ALEXANDER P. OBOLENSKY, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated April 21, 1978, which affirmed an order of the State Division of Human Rights dismissing the complaint on the ground that it was not filed within the statutorily prescribed period. Petitioner was employed as an assistant professor by respondent State University of New York when, on March 29, 1973, he was given notice that he would not be reappointed. Following said notification petitioner appealed from the decision to deny his reappointment. He failed to succeed on his appeal. On August 27, 1975 petitioner filed a discrimination complaint with the State Division of Human Rights. The complaint was dismissed based on a finding that it was not filed within one year after the alleged unlawful discriminatory practice as required by subdivision 5 of section 297 of the Executive Law. Petitioner thereafter commenced this proceeding. The act of giving petitioner notice that he would not be reappointed started the running of the limitation period and such limitation was not tolled by the procedures utilized by respondents following petitioner's appeal of the decision to deny his reappointment (*Matter of Queensborough Community Coll. of City Univ. of N. Y. v State Human Rights Appeal Bd.*, 41 NY2d 926). Consequently, petitioner did not file within the prescribed time period. It is argued by petitioner, however, that respondents waived the defense of the statutory time limitation by failing to raise the time limitation as a defense. We disagree. Where a cause of action is created by a statute and a time limitation is attached to its commencement, the time is an ingredient of the cause and the time limit need not be asserted by way of defense (*Romano v Romano*, 19 NY2d 444, 447). In the present case, the time limitation prescribed in subdivision 5 of section 297 of the Executive Law is not a matter of defense and, unless the proceeding was brought within one year, petitioner has no cause of action (*State Div. of Human Rights v University of Rochester*, 53 AD2d 1020). Accordingly, petitioner's complaint was properly dismissed and the board's determination must be confirmed. Determination confirmed, and petition dismissed, without costs. Greenblott, J. P., Sweeney, Kane, Main and Mikoll, JJ., concur.