■ In the Matter of ETHEL M. SWEM, Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. (And Four Other Proceedings.)—Proceedings instituted in this court pursuant to section 298 of the Executive Law to review determinations of the State Human Rights Appeal Board, dated November 23, 1979 and November 26, 1979, which affirmed orders of the State Division of Human Rights, dated February 16, 1979, dismissing petitioners' complaints due to lack of probable cause to believe that respondent employer had retaliated against petitioners in violation of the Human Rights Law. Petitioners were employed by respondent as general laborers in the years between May, 1967 and October, 1969. They were laid off between 1973 and 1974. In October, 1974, an agreement was made between petitioners' union and respondent providing that petitioners' seniority would be continued for another year. In November, 1974, petitioners' union and respondent entered into an agreement which provided that in layoffs, departmental seniority shall govern and in re-employment, employees so laid off shall be recalled in inverse order of their layoff and before new help is employed. An employee laid off under departmental seniority shall have preference for employment in any department before new help is hired. Petitioners, in their complaint, charged that despite these agreements, respondent continued to employ new male employees without recalling the petitioners. The petitioners filed a formal complaint with the State Division of Human Rights, charging the respondent with denying them equal terms, conditions and privileges of their employment due to their sex. The State Division of Human Rights investigated the charges and rendered decisions in favor of petitioners, finding reasonable cause to believe respondent was engaging in the unlawful discriminatory practice complained of. On September 23, 1977, a stipulation of settlement was entered into which provided that respondent was to treat all employees without regard to their sex, respondent was not to retaliate against complainants and respondent was to offer in writing to complainants the next available general labor positions in the facial, napkins, toilet tissues, towels or packaging departments, in order of greatest seniority. Upon rehiring, a complainant's seniority would be then determined as of the date of her original hire. This order was amended on October 10, 1977. Complainants contend that despite this order of settlement of October, 1977, male employees with less seniority were recalled by respondent and placed in positions previously held by petitioners and petitioners were not placed on the payroll until January 15, 1978. They allege that these acts constituted retaliation against them by the employer. The complaints were filed on January 10, 1979. Respondent raises the issue of the timeliness of the complaint made by the petitioners. Petitioners' complaints indicated that the acts complained of occurred in October, 1977. The complaints of retaliation were not made by complainants until January 10, 1979, more than one year after the alleged violation. The act of appointing a nonsenior employee over petitioners started the running of the limitation period. The petitioners did not file their complaint within the period prescribed in subdivision 5 of section 297 of the Executive Law. Where a cause of action is created by statute and a time limitation is

attached to its commencement, the time is an ingredient of the cause of action and failure to proceed timely is fatal to petitioners' complaint (*Romano v Romano,* 19 NY2d 444; *Matter of Obolensky v New York State Div. of Human Rights,* 67 AD2d 1069). Determinations confirmed, and petitions dismissed, without costs. Greenblott, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.