■ In the Matter of ALFRED K. GHARTEY, Petitioner, v IRMA V. SANTAELLA, as Chairperson of the State Human Rights Appeal Board, et al., Respondents. — Proceeding initiated in this court pursuant to section 298 of the Executive Law to review a determination of the State Human Rights Appeal Board, dated July 23, 1981, which affirmed an order of the State Division of Human Rights dismissing the complaint herein on the ground that it was not filed within the statutorily prescribed period. In a complaint verified on July 29, 1980, petitioner alleged that his former employer, respondent Sterling Drug, Inc. (hereinafter Sterling), for whom he had last worked in 1977, had breached an agreement with him, pursuant to which he had withdrawn an earlier complaint against Sterling, by not giving him a promised recommendation so that he could obtain new employment. According to petitioner, this refusal by Sterling to give a recommendation resulted from petitioner's having previously filed another complaint alleging discrimination by Sterling, and petitioner asserts that Sterling's conduct amounts to retaliation in violation of section 296 of the Executive Law. Both the State Division of Human Rights and the State Human Rights Appeal Board subsequently dismissed the complaint because it was not filed within one year after the alleged unlawful discriminatory practice as required by subdivision 5 of section 297 of the Executive Law, and the instant proceeding ensued. We hold that the board's dismissal of the complaint should be confirmed. Petitioner's assertion in 1980 that he was a victim of discrimination in 1977, when Sterling failed to give him a promised recommendation, is obviously untimely under subdivision 5 of section 297 of the Executive Law, and such being the case, the complaint was properly dismissed (cf. *Matter of Obolensky v New York State Div. of Human Rights,* 67 AD2d 1069). In so ruling, we would also note that petitioner's additional allegations consist largely of alleged statements by fellow employ-

ees of his subsequent employer, Majestic Drugs, and they lack support in the record. Accordingly, they add no substance to his complaint against Sterling and do not require a contrary result in this proceeding. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Main, Mikoll and Weiss, JJ., concur.