# Margaret H. Patrowich, Respondent, v Chemical Bank et al., Appellants.

First Department, January 12, 1984

APPEARANCES OF COUNSEL

*Kenneth J. Kelly* of counsel (*John B. Wynne,* attorney), for appellants.

*Robin J. Arzt* of counsel (*Jeremiah S. Gutman* with her on the brief; *Levy, Gutman, Goldberg & Kaplan,* attorneys), for respondent.

### OPINION OF THE COURT

ASCH, J.

Plaintiff was hired by the defendant Chemical Bank on January 28, 1974. She was discharged on October 21, 1981 for alleged insubordination, untruthfulness and failure to comply with directives. Plaintiff had been a secretary in several prestigious law firms prior to her being hired by the bank at age 50, and thereafter she had been promoted first, from the position of senior administrator to officer's assistant and then to assistant trust officer in Chemical's Trust and Investment Division. At the time she was hired, plaintiff was allegedly informed by Chemical's Personnel Department that there was a "Chemical Bank Personnel Manual" which contained Chemical's rules regarding employees' benefits, services, conduct and discipline, and that a copy was available for inspection.

This action was commenced on February 25, 1982, four months after plaintiff was discharged. It set forth nine causes of action, the first six based on Federal and State

antidiscrimination statutes and the last three based on common law. The first cause of action contains the allegation that equally or less qualified male employees received preferential treatment and that plaintiff was discharged in violation of her "contract" and the procedural provisions of Chemical's personnel manual relating to documentation of unsatisfactory employee performance. The first cause of action also contains an allegation that is repeated with minor variations in the second through sixth causes of action as follows: "Upon information and belief, Defendant Bank has a policy, practice, custom, and usage of discriminating against women [or 'individuals'] on the basis of their sex [or 'age'], which has been implemented by Defendants, in that Defendant Bank has a history of". The first cause of action also expressly alleges violations of the Federal Age Discrimination in Employment Act of 1967 (US Code, tit 29, § 621 *et seq*. [hereafter ADEA]) and article 15 of the New York State Executive Law (the State Human Rights Law).

The second cause of action alleges on information and belief that Chemical has a "policy, practice, custom, and usage of discriminating against women upon the basis of their sex" and alleges that defendant bank has failed to hire women, including plaintiff, for certain positions but that it has hired men, no more qualified, for such positions. Plaintiff expressly charges unlawful discrimination, in violation of title VII of the Federal Civil Rights Act of 1964 (US Code, tit 42, § 2000e-2, subd [a]), and the State Human Rights Law.

The third cause of action alleges sex discrimination against women, including plaintiff, in job placement by defendant bank, in violation of title VII and the Human Rights Law.

The fourth cause of action alleges Chemical allegedly applies a "more stringent" standard to female employees and allegedly denies females "promotions to positions of responsibility", in violation of title VII and the Human Rights Law.

The fifth cause of action alleges that Chemical pays women less in "total compensation" than equally qualified men, in violation of the Federal Equal Pay Act of 1963 (US

Code, tit 29, § 206, subd [d]) and section 194 of the New York State Labor Law.

The sixth cause of action alleges that defendant bank gives female employees, including plaintiff, "less frequent and smaller salary increases and less frequent promotions" than male employees, in violation of title VII and the Human Rights Law.

The seventh cause of action alleges Chemical breached its purported oral contract of employment with plaintiff by discharging her on October 21, 1981 without following the personnel manual guidelines.

The eighth cause of action alleges breach of the purported oral employment contract and adds the allegation that plaintiff relied to her detriment on various portions of the personnel manual.

The ninth cause of action alleges a "wrongful * * * discharge" but it has been withdrawn by plaintiff upon this appeal.

Plaintiff seeks declaratory relief and an injunction directing Chemical to reinstate her and grant her retroactive raises, an award of back pay, damages for her "pain and suffering", and restoration of her benefits and other incidental relief.

Defendants moved at Special Term for partial summary judgment dismissing those portions of the first through sixth causes of action against Chemical which alleged violations of various Federal and State antidiscrimination statutes, on the grounds the violations purportedly occurred prior to the applicable Statute of Limitations; dismissing those Federal statutory claims as to which plaintiff allegedly has failed to exhaust her mandatory administrative remedies; dismissing the seventh through ninth causes of action as against Chemical for breach of alleged "employment contract" on the ground that plaintiff was an "at will" employee without any contract who could be terminated at any time for any or no reason, and dismissing the entire complaint as against defendant Corney, one of plaintiff's former managers, on the grounds that it fails to allege a valid cause of action against that individual defendant. Defendants' motion for partial summary judgment was based upon the allegations of the complaint,

plaintiff's answers to interrogatories, as well as uncontested facts and documents pertaining to defendant bank and certain of plaintiff's co-workers. Special Term denied the entire motion with leave to renew upon completion of discovery. This was error.

Plaintiff's seventh, eighth and ninth causes of action are all predicated upon an alleged breach of Chemical's employment manual. The seventh alleges that the bank did not fulfill "the terms and conditions of employment pertaining to the release of employees" as set forth in the manual and the eighth adds that she "relied, to her detriment, on [Chemical's] representations [in the manual] regarding the notice and other procedures and benefits to be accorded employees" who do not perform up to the standards of their positions. As noted before, the ninth cause of action simply alleges wrongful discharge.

■ The seventh, eighth and ninth causes of action should have been dismissed by Special Term. Plaintiff admits that she did not have a formal written employment contract, and her answer to the Chemical interrogatory which sought the terms of her alleged "oral" contract establishes, as a matter of law, that she was an employee at will. Chemical's manual contains no provision requiring termination solely for good cause shown, nor has plaintiff attempted to show that it does so. The manual provides only general policy statements and supervisory guidelines. It does not contain any specifics as to specific jobs or positions, the salary to be paid to any particular employee or the precise term of employment. Thus, in *Weiner v McGraw-Hill, Inc.* (57 NY2d 458) the employer's personnel manual expressly provided that an employee enjoyed permanent job security and could only be discharged for "just cause". As the Court of Appeals has explained: "Of course, if there were an express limitation on the employer's right of discharge it would be given effect even though the employment contract was of indefinite duration. Thus, in *Weiner v McGraw-Hill, Inc.* (57 NY2d 458), cited by plaintiff, we recently held that, on an appropriate evidentiary showing, a limitation on the employer's right to terminate an employment of indefinite duration might be imported from an express provision therefor found in the employer's

handbook on personnel policies and procedures." (*Murphy v American Home Prods.*, 58 NY2d 293, 305.) In the instant case there is no evidence of any express limitation relating to job tenure. The manual of defendant bank contains no language providing for termination solely for good cause shown. In addition, plaintiff's statement that she relied on the manual is insufficient to bring this case within the limits of *Wiener v McGraw-Hill, Inc. (supra).* No details have been provided to show such reliance. Plaintiff has not stated that she was induced to leave her prior position, that she turned down another job offer because of the manual, or because of what she believed Chemical's termination procedures to be. Her conclusory statements as to reliance cannot defeat a motion for summary judgment (see *Freedman v Chemical Constr. Corp.,* 43 NY2d 260). Moreover, as plaintiff concedes by abandoning her ninth cause of action, there is no cause of action recognized in New York for abusive or wrongful discharge of an employee (see *Murphy v American Home Prods., supra*).

The Federal statutes (other than the Federal Equal Pay Act) relied upon by plaintiff in her first six causes of action, i.e., title VII of the Federal Civil Rights Act of 1964 in the second, third, fourth and sixth causes of action, and the Federal Age Discrimination in Employment Act (ADEA) in the first cause of action, require that a potential plaintiff in a lawsuit exhaust his or her administrative remedies before commencing an action. Failure to do so deprives Federal courts of subject matter jurisdiction. Failure to have exhausted the statutory relief before the Equal Employment Opportunity Commission (EEOC) in both title VII and ADEA claims requires dismissal of a suit in Federal court (see *Love v Pullman Co.,* 404 US 522). In States as in New York, which have antidiscrimination agencies, before a plaintiff may resort to the EEOC, she must first submit her claim to the appropriate State agency (see *Carey v New York Gaslight Club,* 598 F2d 1253, affd 447 US 54).

Apparently, there have been no reported New York decisions on this issue. However, the New Jersey Supreme Court has held that while a title VII action may be maintained in a State court, the plaintiff was first required to

pursue her remedy before the EEOC (see *Peper v Princeton Univ. Bd. of Trustees,* 77 NJ 55). Accordingly, any claims set forth in the first six causes of action relating to title VII or ADEA should have been dismissed by Special Term.

■■ An additional barrier to plaintiff's claims is presented by various Statutes of Limitations. The State Human Rights Law (Executive Law, § 297, subd 9) has been held to be governed by the three-year Statute of Limitations (see *Murphy v American Home Prods. Corp., supra,* at p 307) and plaintiff is barred, therefore, from asserting any claims thereunder accruing prior to February 26, 1979. The Statute of Limitations period for title VII claims (already barred by failure to exhaust remedies) is 180 days, unless the claim is instituted with the State or local agency, and then the limitations period is 300 days. The applicable Statute of Limitations for claims arising out of the Federal Equal Pay Act and Age Discrimination in Employment Act is governed by section 255 of title 29 of the United States Code, i.e., two years after the cause of action accrued, unless the violation was willful, and then three years after the cause of action accrued. Since there is neither proof upon the record herein nor any allegation that the violation was willful, the two-year statute is applicable (see *Loeb v Textron, Inc.,* 600 F2d 1003).

■ The first cause of action is based on the single act of plaintiff's discharge due to her age on October 21, 1981. The ADEA claims are already barred by the failure to exhaust administrative remedies. The balance of the causes of action relating to acts committed three years prior to the commencement of the action must be stricken as a result of the Statute of Limitations set forth above. The second cause of action (tit VII and New York Human Rights Law) alleges that plaintiff was refused any opportunity to be considered for employment as an assistant trust officer. However, she alleges that she was promoted to that position on January 1, 1976. The three-year Statute of Limitations clearly bars this cause of action. The third cause of action (tit VII and Human Rights Law) based on the allegation that plaintiff was placed in lower-ranking and lower-paying job titles as similarly or less qualified men is also time barred since the complaint on its face and

the answers plaintiff gave to interrogatories on the issue of Statute of Limitations all show that the claims accrued in 1974 and 1975 and thus are clearly time barred in their entirety.

The fourth cause of action (tit VII and Human Rights Law) alleges in essence that plaintiff was denied promotions because more stringent standards were applied to her because of her sex. Since the wrong complained of occurred on the particular date that the men got the higher level jobs to the exclusion of plaintiff (see *State Div. of Human Rights v University of Rochester,* 53 AD2d 1020) and the documentary evidence indicates that each promotion was made three years prior to the commencement of this action, the fourth cause of action must also be dismissed in its entirety.

The fifth cause of action (Federal Equal Pay Act and New York Labor Law) is equally time barred as to those claims accruing before February 25, 1980, since the Federal Equal Pay Act has a two-year Statute of Limitations, and is time barred in its entirety as to the New York Labor Law, which has a six-year Statute of Limitations. The reason for the latter is that the alleged discriminatory hiring of men occurred prior to January 1, 1976, more than six years before the present action was brought.

The sixth cause of action (tit VII and Human Rights Law) alleging discriminatory promotions and raises was limited by plaintiff in her answers to interrogatories to men who were hired in or around 1974 and thus is time barred in its entirety.

Plaintiff's assertion that Chemical's acts are continuing wrongs and as a result, the Statute of Limitations is tolled, is without merit. Her discrimination claims are not continuing wrongs, albeit that the impact of such alleged wrongs may continue. Simply because an act of discrimination may have a lasting effect, it cannot be seriously argued that the tort is a continuing wrong unaffected by any Statute of Limitations.

With respect to the individual defendant Corney, plaintiff's supervisor, the only possible viable claims against him arise out of the State Human Rights Law and

the Federal Equal Pay Act. However, these antidiscrimination statutes are designed to prohibit plaintiff's employer or high-ranking senior executives from discrimination. On the record presented before Special Term, Corney was shown to be neither such an employer nor high-ranking executive (see *Koster v Chase Manhattan Bank,* 554 F Supp 285).

Accordingly, the order of the Supreme Court, New York County (GROSSMAN, J.), entered on April 20, 1983, which denied the motion by defendants for partial summary judgment, should be modified, on the law, and the motion is granted to the extent of dismissing the second, third, fourth, sixth, seventh, eighth and ninth causes of action in the complaint, dismissing that portion of the first cause of action which asserts claims arising three years before February 26, 1982, dismissing that portion of the fifth cause of action as to claims under the Federal Equal Pay Act arising before February 25, 1980, all claims under the Labor Law, dismissing the complaint in its entirety against the individual Corney, and otherwise affirmed, without costs.

ROSS, J. P., CARRO, MILONAS and KASSAL, JJ., concur.

Order, Supreme Court, New York County, entered on April 20, 1983, unanimously modified, on the law, and the motion for partial summary judgment granted to the extent of dismissing the second, third, fourth, sixth, seventh, eighth and ninth causes of action in the complaint, dismissing that portion of the first cause of action which asserts claims arising three years before February 26, 1982, dismissing that portion of the fifth cause of action as to claims under the Federal Equal Pay Act arising before February 25, 1980, all claims under the Labor Law, dismissing the complaint in its entirety against the individual Corney, and otherwise affirmed, without costs and without disbursements.