■ JAMES CITERA, Respondent, v CHEMICAL BANK, Appellant, et al., Defendants. — Order of the Supreme Court, New York County (Louis Kaplan, J.), entered on March 1, 1984, which, *inter alia,* granted defendants' motion for summary judgment to the extent of dismissing the first, second, third and fourth causes of action and dismissing the seventh cause of action, with leave to replead, is modified, on the law, to the extent of granting defendants' motion for summary judgment dismissing the fifth, sixth and seventh causes of action, without leave to replead and otherwise affirmed, with costs and disbursements.

Plaintiff, who was initially hired by Security National Bank, automatically became an employee of Chemical Bank during its takeover of Security National Bank in January of 1975. He was subsequently promoted to officer's assistant at Chemical's money department in Melville, New York. In September of 1980, he received two warnings from his supervisor following an incident in which his subordinates allegedly gave a bag containing a substantial amount of money to the wrong party (although the money was later returned), and he was ultimately terminated in September of 1982 for gross negligence and failure to follow established procedures. The instant action for wrongful discharge ensued. Plaintiff's complaint alleges seven causes of action, the first four of which were dismissed by Special Term, and the seventh was dismissed with leave to replead.

The fifth cause of action claims that during the course of plaintiff's employment, defendant Chemical Bank intentionally fostered plaintiff's reasonable expectation that his continued employment would be available absent good cause shown for termination and that plaintiff relied thereon to his detriment by not seeking work elsewhere. The sixth cause of action states that plaintiff's oral employment contract contained a progressive discipline provision intended to accord employees a reasonable opportunity to improve their purportedly unacceptable conduct and that Chemical Bank breached its agreement with

plaintiff by failing to extend the benefits of that provision to him. According to the seventh cause of action, defendants Roland Moreira and David Williams, officers at Chemical Bank, wrongfully interfered with plaintiff's employment contract and relationship with Chemical Bank, thereby causing him economic, mental and emotional injury. Although Special Term sustained the fifth and sixth causes of action because, in its view, there was sufficient evidence to demonstrate the existence of an oral employment contract, it held that since the seventh cause of action does not describe the manner in which the individual defendants induced Chemical Bank to breach its contract, that pleading could not stand in its present form. Thus, these three causes of action are all predicated on the existence of an oral agreement between plaintiff and defendant Chemical Bank. In that connection, plaintiff relies upon Chemical Bank's personnel manual as proof of the existence of such an employment contract between himself and Chemical Bank. However, in a case very similar to the instant one (*Patrowich v Chemical Bank,* 98 AD2d 318, 322, app dsmd 62 NY2d 801), this court concluded that: "Chemical's manual contains no provision requiring termination solely for good cause shown, nor has plaintiff attempted to show that it does so. The manual provides only general policy statements and supervisory guidelines. It does not contain any specifics as to specific jobs or positions, the salary to be paid to any particular employee or the precise term of employment."

The court in *Patrowich* (*supra*) proceeded to distinguish *Weiner v McGraw-Hill, Inc.* (57 NY2d 458), wherein the employer's manual expressly stated that an employee enjoyed permanent job security and could only be discharged for just cause. The Chemical Bank manual, on the other hand, the court pointed out, contains no language limiting termination solely for good cause shown. The fact that the plaintiff therein may have relied upon the manual was insufficient to bring it within the ambit of *Weiner v McGraw-Hill, Inc.* (*supra*), since no details had been supplied to demonstrate such reliance. According to the court, conclusory statements as to reliance cannot defeat a motion for summary judgment.

As was the situation in *Patrowich v Chemical Bank* (*supra*), the plaintiff in the matter before us does not assert that he had a formal written employment contract, nor is there any indication that he was other than an employee-at-will. Indeed, his claim is scarcely distinguishable from that advanced in *Patrowich* and found by the court therein to be inadequate to establish a viable cause of action. (See, also, *Gould v Community Health Plan,* 99 AD2d 479.) It is, moreover, well settled that New York does not

recognize the tort of abusive or wrongful discharge of an at-will employee. (*Murphy v American Home Prods. Corp.*, 58 NY2d 293.) Consequently, Special Term should have granted defendants' motion to dismiss the fifth and sixth causes of action. The seventh cause of action, which alleges interference with contract, should also have been dismissed without leave to replead in that no contract has been demonstrated. At any rate, plaintiff's repleading of the seventh cause of action was apparently rejected as being untimely. Concur — Asch, J. P., Silverman, Milonas and Kassal, JJ.