Janet A. SAMUEL, Plaintiff,

v.

MERRILL LYNCH PIERCE FENNER
& SMITH, Defendant.

No. 89 Civ. 2354(SWK).

United States District Court,
S.D. New York.

May 2, 1991.

Raymond F. Gregory, New York City, for plaintiff.

Baer Marks and Upham, New York City, Joseph M. Cohen, for defendant.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

This action is brought by plaintiff Samuel, an employee of defendant Merrill Lynch Pierce Fenner & Smith (hereinafter "Merrill Lynch"), for alleged violation and intentional violation of the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. § 621 *et seq.* and violation of Section 296 of the New York Execu-

tive Law. She alleges that defendant illegally failed to promote her on the basis of age discrimination. Defendant now moves to dismiss the state law claim for lack of subject matter jurisdiction, and for summary judgment and dismissal of the Complaint in its entirety.

## BACKGROUND

Plaintiff bases her complaint on Merrill Lynch's alleged promotion of thirteen less-qualified but younger individuals over a six-year period from March 1981 through April 1987. The parties do not dispute the dates and occurrences of the thirteen promotions; accordingly, the facts and circumstances of these promotions will not be set forth here except as necessary to the discussion of the instant motions.

## DISCUSSION

### Motion to Dismiss 3rd Claim for Lack of Subject Matter Jurisdiction

■ Defendant moves to dismiss plaintiff's New York Executive Law claim on the basis that the election of remedies doctrine contained in Section 297(9) of New York Executive Law has been interpreted to bar state claims if plaintiff has filed her claim with the New York State Division of Human Rights ("SDHR"). *Scott v. Carter–Wallace, Inc.,* 147 A.D.2d 33, 541 N.Y.S.2d 780 (1st Dept), *app. dismissed,* 75 N.Y.2d 764, 551 N.Y.S.2d 903, 551 N.E.2d 104 (1989). In the instant case, plaintiff filed a charge of age discrimination with the federal Equal Employment Opportunity Commission (hereinafter "EEOC"), as required of her under the ADEA. In accordance with EEOC regulations, *see* 29 C.F.R. § 1601.13, and a work-sharing agreement between the EEOC and the SDHR, the EEOC cross-filed plaintiff's charge with the SDHR but retained jurisdiction over the charge to conduct an investigation on the merits. Because the EEOC did not act within 60 days on her charge, Samuel withdrew her charge from the EEOC, as was her right, and filed the instant action in federal court. The SDHR subsequently dismissed her claim, at her request, on the ground of "administrative convenience."

Merrill Lynch challenged that order as unauthorized and violative of the election of remedies provisions of Executive Law § 297(9), but was denied relief. *See Merrill Lynch Pierce Fenner & Smith, Inc. v. New York State Division of Human Rights and Janet A. Samuel,* Index No. 25436/89 (Sup.N.Y.Co. June 22, 1990)). Because plaintiff no longer has a claim before the SDHR, the election of remedies doctrine contained in Section 297(9) of New York Executive Law does not bar her state claim, and the Court accordingly denies defendant's motion to dismiss the Third Claim.

### Promotions which Plaintiff No Longer Disputes

The Court grants, as unopposed and for good cause shown, the motion to dismiss those aspects of plaintiff's claims relating to the promotions of Janette Samai in 1981; Katie Williams and Sephton Fraser in 1983; John Killeen in 1985; Debora Coe and Tania Schlesinger in 1986; and John Randolph, sometime during the period from 1984 through 1986.

### Statute of Limitations: ADEA Claims

■ Promotions which occurred more than 300 days before plaintiff filed her administrative charge with the EEOC will ordinarily be time barred under the ADEA, 29 U.S.C. §§ 626(d)(2), 633(b); *Miller v. International Tel. & Tel.,* 755 F.2d 20, 23 (2d Cir.1985). This plaintiff filed her EEOC complaint on June 16, 1987. Accordingly, any claim based on a discriminatory denial of a promotion which occurred prior to August 20, 1986, will be time-barred under the ADEA, unless tolled.

Four of the six remaining alleged incidents of discrimination, the promotions of Howard, Paramo, Loughran, and Ferraro, occurred prior to August 20, 1986. However, plaintiff urges that defendant's course of conduct constitutes a "continuing violation," and thus that the filing of a complaint within 300 days after the last instance of such practice renders timely each of the charges based upon that practice. Plaintiff's Memorandum in Opposi-

tion to Motion for Summary Judgment, at 11 (citing *Kohn v. Royall, Koegel & Wells,* 59 F.R.D. 515 (S.D.N.Y.1973), *appeal dismissed,* 496 F.2d 1094 (2d Cir.1974); *EEOC v. Home Insurance Co.,* 553 F.Supp. 704, 711–13 (S.D.N.Y.1982)). Defendant argues that the alleged failures to promote were discrete, isolated incidents and therefore, there is no toll for the four failures to promote that occurred prior to August 20, 1986.

The Court agrees with defendant that these incidents do not constitute a "continuing violation." Only "compelling circumstances" will warrant application of the continuing violation exception. *Blesedell v. Mobil Oil Co.,* 708 F.Supp. 1408, 1415 (S.D.N.Y.1989) (quoting *LaBeach v. Nestle Co.,* 658 F.Supp. 676, 687 (S.D.N.Y.1987)). As decided by several district courts in this Circuit, a number of incidents of failure to promote cannot, as a matter of law, constitute a "series of related acts." *Id.* (citing *Wingfield v. United Technologies Corp.,* 678 F.Supp. 973, 979–820 (D.Conn.1988)). In this case, the desired positions themselves, although all falling under the general category of "supervisory," were located in different units of the operations area; the promotion decisions were made by two different individuals; and the decisions of whom to promote were based on different criteria, depending on the area involved. Plaintiff 3(g) Statement, ¶¶ 5, 7, 8, 9, 13; Defendant 3(g) ¶¶ 23, 26, 31, 39, 42, 49. Moreover, plaintiff does not claim that Merrill Lynch maintains a discriminatory promotion policy or system. To the contrary, she argues that in not promoting her, Merrill Lynch failed to comply with its own promotion policies. Plaintiff 3(g) Statement, ¶¶ 8, 11 (citing *Merrill Lynch Supervisor's Manual* at pages III–1, IV–1).[1] Accordingly, the claims based on ADEA for the promotions of James How-

ard and Elena Paramo, Michael Loughran, and Loretta Ferraro are time-barred.

Time Bar under New York Executive Law § 296.

■ The statute of limitations under New York Human Rights Law is three years from the date on which the cause of action accrued. *Murphy v. American Home Products Corp.,* 58 N.Y.2d 293, 461 N.Y.S.2d 232, 239, 448 N.E.2d 86, 92 (1983); *Patrowich v. Chemical Bank,* 98 A.D.2d 318, 470 N.Y.S.2d 599, 604 (1st Dep't 1984), *aff'd,* 63 N.Y.2d 541, 483 N.Y.S.2d 659, 473 N.E.2d 11 (1984). The accrual date of a claim based on the discriminatory denial of a promotion is the particular date on which the position is filled to the exclusion of the plaintiff. *Id.* Plaintiff initiated this action on or about April 10, 1989. Therefore, only those claims based on promotions that occurred after April 10, 1986, will be permitted to proceed. The Court holds that the continuing violation doctrine does not apply to the state claim for the same reasons that it does not apply to the federal claims. Thus the Section 296 claim is not time barred insofar as it is based on the Trivedi, DiLandro, Loughran and Ferraro incidents, but is time-barred as to the two remaining incidents, those involving Howard and Paramo.

Presence of Genuine Issues of Material Fact

■ As to the four surviving instances of allegedly discriminatory promotions,[2] *i.e.,* those of Trivedi, DiLandro, Loughran, and Ferraro, the Court concludes that there are genuine issues of material fact precluding summary judgment in defendant's favor, including but not limited to: (1) whether these individuals were better qualified and/or possessed greater skills than Samuel; and (2) what were the motives of defendant's officers in failing to promote

---

1. Moreover, plaintiff herself admitted at her deposition that she believed as early as 1983, that age was the reason why James Howard was promoted over her for the supervisory position in the Institutional Reclaims Unit in that year. Deposition of Janet A. Samuel, dated October 30, 1990 (attached as Exhibit I to Reply Affidavit of Joseph Cohen, Esq.), at 74.

2. The two incidents that are not time-barred under the ADEA claims are the same as two of the four incidents that the Court has ruled are not time-barred under N.Y. Executive Law § 296, *ante.*

plaintiff. Fed.R.Civ.P. 56(c); *see Adickes v. S.H. Kress and Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970) (moving party bears initial burden of demonstrating the absence of a genuine issue of material fact); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986); *Rodriguez v. Board of Education*, 620 F.2d 362, 367 (2d Cir.1980) (summary judgment inappropriate vehicle for examining motive and intent in employment discrimination action); *Warren v. Quality Care Service Corp.*, 603 F.Supp. 1174, 1181 (W.D.N.Y.1985) (summary judgment used only cautiously in employment discrimination cases, since questions of discriminatory intent are often impossible to resolve in advance of trial). As to each of these four individuals, plaintiff has submitted affidavits and work evaluations raising a genuine issue of material fact as to defendant's professed innocent motivation that these individuals were more highly qualified than Samuel. *See* Affidavit of Katie L. Williams, dated October 31, 1990, ¶¶ 8, 9, 10, 11, 13, 14, 15; *compare* Employee Performance Appraisal of Janet Samuel, dated 11/25/86 (attached as Exhibit H to Affidavit of Janet Samuel, dated October 29, 1990 (hereinafter "Samuel Aff."), *with* Employee Performance Appraisal of Loretta DiLandro, dated 11/25/86 (attached as Exhibit K to Samuel Aff.); *compare* Employee Performance Appraisal of Janet Samuel, dated 2/29/84 (attached as Exhibit D to Samuel Aff.) *with* Employee Performance Appraisal of Loretta Ferraro, dated 1/5/84 (attached as Exhibit N to Samuel Aff.) *and with* Employee Performance Appraisal of Michael Loughran, dated 10/1/84 (attached as Exhibit 0 to Samuel Aff.)

■ Defendant asks the Court to disregard the testimony of Katie Williams as "biased" and "subjective." Defendant's Reply Brief at 20 n. 7. The Court declines to do so at this stage of the litigation. Credibility determinations are inappropriate on a summary judgment motion. Fed. R.Civ.P. 56(e); *see Investors Ins. of America v. Dorinco Reinsurance*, 917 F.2d 100 (2d Cir.1990) (weighing of credibility of parties' witnesses impermissible on motion for summary judgment). Defendant has not carried its burden of demonstrating the absence of genuine material factual issues for trial. Accordingly, its motion for summary judgment is denied.

## CONCLUSION

Plaintiff's claims are dismissed insofar as they are based on the Samai, Williams, Fraser, Killeen, Coe, Schlesinger, Randolph, Howard and Paramo incidents; plaintiff's ADEA claims are dismissed with respect to the Loughran and Ferraro incidents; in all other respects defendant's motions for dismissal and summary judgment are DENIED.

The attorneys are to appear for a pretrial conference on Friday, May 24, 1991 at 2:00 p.m. in Courtroom 2704.

SO ORDERED.