■ RICHARD C. NIELSEN, Respondent, v UNITED PARCEL SERVICE, INC., Appellant. [619 NYS2d 844] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Spain, J.), entered February 8, 1994 in Albany County, which partially denied defendant's motion for summary judgment dismissing the complaint.

In early 1989, plaintiff, who had been employed by defendant on a part-time basis since 1983, submitted an application for full-time employment as a delivery driver, on which he declared that he had never been convicted of a crime. He was offered the position he sought, but subsequently, in the course of a routine, preemployment background check, defendant discovered that plaintiff had been convicted of petit larceny in 1981, for which he was sentenced as a youthful offender, and

withdrew its offer as a result. Accused of making a false statement on his employment application, plaintiff contacted the probation department, which informed defendant that plaintiff's youthful offender adjudication did not constitute a criminal conviction, that his record was supposed to have been sealed and that plaintiff had been told that it would not be improper for him to deny having a criminal record.

In October 1989, plaintiff accepted defendant's renewed offer of full-time employment, but then was returned to part-time status in January 1990. When he was again offered full-time work in October 1990, plaintiff refused the offer because he believed that the position was not intended to be permanent and that he would be returned to his part-time position, as he had been the previous year, after the holiday rush. According to plaintiff, although other less senior employees were promoted earlier, it was not until September 1992, when he threatened litigation, that he was again offered full-time employment, which he accepted. He currently remains employed by defendant as a full-time delivery driver.

On August 30, 1993, plaintiff commenced this action charging that defendant violated Executive Law § 296 by refusing to promote him to a full-time position, in violation of its seniority-based promotion policy, because of his youthful offender record and that it utilized an improper question on his employment application. After issue was joined, defendant moved for summary judgment dismissing the complaint in its entirety as time barred and, alternatively, dismissing plaintiff's claim insofar as it demanded punitive damages. Finding a question of fact with respect to the date on which plaintiff's causes of action accrued, Supreme Court granted only the latter relief, and defendant appeals.

Both parties agree that the applicable Statute of Limitations is three years (see, CPLR 214 [2]; Murphy v American Home Prods. Corp., 58 NY2d 293, 307). Defendant argues, however, that both causes of action are time barred. It is defendant's contention that plaintiff's second cause of action, predicated upon the allegedly improper employment application question, accrued in April 1989, when plaintiff claims he completed and submitted the application, and that his first cause of action, based on failure to promote, must have accrued prior to September 1989, when defendant first offered him full-time employment.

Countering this, plaintiff urges that defendant's failure to promote him was a "continuing violation", which did not end

until September 1992 when he was finally accorded a permanent, full-time position, and that he is therefore entitled to recover for any of the discriminatory acts in which defendant ostensibly engaged prior to that time. Although at least one court has applied the "continuing violation" doctrine, which has been relied upon in the context of actions brought under Federal anti-discrimination laws *(see, Blesedell v Mobil Oil Co., 708 F Supp 1408, 1414-1415; Wingfield v United Technologies Corp., 678 F Supp 973, 979)*, to claims brought under Executive Law § 296 *(see, Samuel v Merrill Lynch Pierce Fenner & Smith, 771 F Supp 47, 49)*, we are of the view that in the absence of "compelling circumstances", not present here, individual instances of failure to promote do not constitute a continuing violation *(see, supra, at 48-49; see also, Lambert v Genesee Hosp., 10 F3d 46, 53, cert denied — US —, 114 S Ct 1612)*. Thus, to the extent that plaintiff's claims are premised on incidents occurring prior to August 30, 1990, they are untimely.

While defendant's argument is convincing insofar as the second cause of action is concerned, Supreme Court was correct in refusing to dismiss the first, for it is settled law that a separate cause of action for discrimination in promotion accrues every time another individual is improperly promoted to a position that should have been offered to the plaintiff *(see, Patrowich v Chemical Bank, 98 AD2d 318, 325, affd 63 NY2d 541; Matter of Swem v New York State Div. of Human Rights, 76 AD2d 1025)*, and plaintiff has averred that he was wrongfully passed over for promotion several times within the limitations period. It is noteworthy in this regard that defendant has not refuted plaintiff's averment that four other individuals were promoted to full-time status after September 3, 1990. Although defendant did promote plaintiff to full-time employment in September 1989, he was returned to part-time status through no fault or action of his own. Thus, if other, less senior employees were subsequently promoted ahead of plaintiff, as he claims they were in the fall of 1990, and if those promotions resulted from defendant's improper consideration of plaintiff's criminal history, as he maintains they did, each such promotion that occurred after August 30, 1990 would form the basis for a new claim upon which plaintiff could recover in this action.

As for defendant's assertion that plaintiff cannot recover on the basis of promotions awarded to others after October 1990, because plaintiff refused an offer of full-time employment at that time, it suffices that plaintiff attests that this offer was

not intended to lead to permanent, full-time employment. Given the events that occurred in late 1989 after plaintiff accepted a similar offer, and his uncontroverted representation that another individual who thereafter was offered the same position in November 1990 and was told that he would likely be relegated to part-time status after Christmas, it cannot be said that defendant has established its entitlement to judgment, as a matter of law, on this issue.

Cardona, P. J., White and Casey, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion regarding plaintiff's second cause of action; motion granted to that extent and said cause of action is dismissed; and, as so modified, affirmed.