(March 21, 1996)

In the Matter of CITY OF NEW YORK et al., Petitioners, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Respondent. [638 NYS2d 957]

In 1982, the Department of Transportation required that persons seeking appointment to provisional positions as gasoline roller engineer ("GRE") have qualifications including three years of full-time, paid experience operating the roller or two years experience and the equivalent of one year of additional relevant training. The gasoline roller is a fourteen-ton construction vehicle used to tamp asphalt and other paving materials on roadways; its unsafe operation can cause serious injury to life and property. Complainant, an African-American male, was employed by the Department prior to 1982 as a motor vehicle operator and highway repairer, positions which did

not include operation of a roller among their duties. In his July 1982 application for a provisional GRE post, complainant asserted that he met the experience requirement by receiving training from a Department supervisor between 1965 and 1977 and operating a roller on various locations between 1965 and 1982. The Department, aware that complainant's claims of experience were in conflict with his job duties as a Department employee, investigated these claims and ultimately determined that complainant's experience was insufficient to meet the requirements of provisional appointment. The Department did, however, credit complainant with his claimed out-of-title experience to permit him to take a civil service examination for a permanent appointment in May 1985. Complainant failed both the oral examination and the operational portions of that test with an overall score of 42%; a passing grade was 70%. Complainant's civil service examiners noted that his efforts to operate the vehicle exhibited improper, unsafe, and "very bad" technique.

Of fourteen provisional GRE appointments made by the Department between 1981 and 1985, six appointees were African Americans. Four of these six appointees took the GRE civil service examination in 1985 and passed with scores ranging from 84% to 99%. In 1987, after passing a civil service examination, complainant was promoted to the position of supervisor of highway repairs.

Complainant commenced this proceeding in 1982 alleging that he had been discriminatorily denied a provisional appointment to the position of gasoline roller engineer in 1982 because of his race. In various amendments to the complaint, and in testimony adduced at the hearing in 1989 and 1993, complainant further alleged that the Department had retaliated against him for the filing of the complaint by, *inter alia*, arranging for his failure of the 1985 civil service examination, relieving him of his responsibilities as an acting supervisor of highway repairs in November 1982, denying him overtime in 1989, altering his performance evaluation in 1992, and denying him a promotion to the post of Deputy Commissioner for Bridge Construction in July 1992. In an October 1992 amendment to the complaint, complainant further alleged that various decisions by the Department were motivated by age discrimination.

Following a hearing, an Administrative Law Judge sustained these claims and awarded complainant $125,000 in lost compensation and $200,000 in damages for mental anguish and humiliation. The Commissioner adopted the factual and

legal findings of the Administrative Law Judge but reduced the lost compensation award to back pay solely for the period between 1982, when complainant was denied a provisional appointment, and 1985, when provisional GRE appointees were replaced by appointments from a civil service list. The Commissioner also reduced the award of damages for mental anguish to $100,000. The Department subsequently commenced this proceeding.

We grant the petition and annul the determination. An indispensable requisite of a prima facie case of racial discrimination is the demonstration that the applicant was qualified to perform the job denied him (*see, McDonnell Douglas Corp. v Green*, 411 US 792 [1973]; *Matter of Pace Coll. v Commission on Human Rights*, 38 NY2d 28, 39 [1975]). The Commissioner may not substitute her judgment as to qualifications for hiring and promotion for that of the employer (*Matter of Sperry Rand Corp. v State Human Rights Appeal Bd.*, 46 AD2d 678 [2d Dept 1974]). In this case, complainant provided no evidence that he had worked for three years—or for two years plus an additional year of relevant experience—operating a gasoline roller on a full-time paid basis. Consequently, the Division's finding that complainant was qualified to operate the roller at the time of his application for a provisional position is unsupported by substantial evidence. Moreover, the Department's explanation of its decision to investigate and ultimately to reject complainant's application—its knowledge of the conflict between complainant's claims of experience and his job duties as a Department employee—was not shown to be a pretext for discrimination in this case.

Complainant has also provided no evidence to support his allegation that various subsequent acts by the Department were motivated by a retaliatory animus. In contrast, the Department provided ample evidence that complainant's denial of overtime in 1989 was based on assessments of his qualifications and job performance; the amendment of his performance evaluation in 1992 was based on two disciplinary incidents unknown to the supervisor who drafted the evaluation initially; and the denial of his application for the post of Deputy Commissioner for Bridge Construction was based on his complete lack of qualifications for the post. While we recognize that proof of an employer's retaliatory motive may be elusive (*see, Matter of Axel v Duffy-Mott Co.*, 47 NY2d 1, 6 [1979]), and we are well aware of the limited scope of judicial review of an agency's factual determinations (*supra*), we conclude that the Commissioner's inference of retaliatory motive in this case was

unfounded and must be annulled. Complainant's assertion that the 1985 civil service examination was conducted against him in a discriminatory or retaliatory manner is also unsupported. On the contrary, the record establishes that complainant failed the test on account of his own inabilities, including the failure to reply correctly to questions which could be answered by simple observation of the vehicle. Finally, complainant's claim that he held and was removed from a position as acting supervisor in 1982, raised for the first time in complainant's testimony at the hearing in 1989, is untimely (*see, Matter of Swem v New York State Div. of Human Rights*, 76 AD2d 1025 [3d Dept 1980]), and, in any event, is unsupported by substantial evidence in the record.

We have considered respondent's remaining arguments in light of the evidence in the record and find them to be without merit. Concur—Murphy, P. J., Sullivan, Wallach, Kupferman and Ross, JJ.