■ HANNAN WEXLER, Respondent, v NEWSWEEK, INC., Appellant. — Order of the Supreme Court, New York County (Greenfield, J.), entered September 14, 1984, denying defendant's motion to dismiss plaintiff's second cause of action on the ground that it failed to state a cause of action, reversed, on the law, without costs, and the motion to dismiss granted.

Plaintiff was employed by defendant in May 1963 as publicity director. In 1978 he became promotion director. He was again promoted in 1982, although without change of title. In February 1983 his employment was terminated after 19 years and 9 months of service, allegedly because "budget considerations have made it necessary to reduce staff". His total separation pay was fixed at $93,152.58.

Thereafter, plaintiff brought this action. The first cause alleges that plaintiff's termination was unlawful and improper and constituted discrimination on account of age in violation of the New York State Human Rights Law (Executive Law art 15). The second cause alleged a stated policy, embodied in defendant's supervisor's manual, that an employee satisfactorily performing his job could be terminated " 'only under extreme circumstances' ", that this constituted an employment contract between defendant and plaintiff, that no such extreme circumstances existed and, indeed, for the year prior to his termination, defendant's operating revenues increased by 12%. In conclusion, he asserted that his discharge constituted a breach by defendant of the employment contract.

Defendant moved to dismiss the second cause of action on the ground that it failed to set forth an actionable cause. Special Term, relying on *Weiner v McGraw-Hill, Inc.* (57 NY2d 458), held that whether or not the practices and policies of defendant,

as supplemented by its employee publications, constitute a promise sufficient to spell out a contract was a question which could not be determined on the papers and documents before it. Accordingly, it denied the motion.

*Weiner* (*supra*) was a rather unique case. There, plaintiff had been employed by Prentice-Hall. He was recruited by McGraw-Hill and informed that his employment would be governed by the employees' handbook, which indicated the limited reasons for discharge and the circumstances in which termination would take place. Weiner succumbed to the blandishments of the recruiter and, in reliance upon his statements and the handbook, accepted employment with McGraw-Hill. In so doing, he left Prentice-Hall and "forfeited his accrued fringe benefits and a salary increase proffered by Prentice-Hall to induce him to remain in its employ" (p 461). Other offers of employment were routinely rejected. Suddenly, after eight years, during which he was promoted with periodic raises, he was discharged " 'for lack of application' " (p 461). The court concluded that the inducement to leave Prentice-Hall with the assurance that he would not be discharged by McGraw-Hill without probable cause; the inclusion of that assurance into his employment application; Weiner's rejection of offers of other employment in reliance on that assurance; and finally, that when he recommended that subordinates be discharged, he was instructed to proceed in accordance with the handbook in order to assure that McGraw-Hill would not be subject to legal action, when taken together raised an issue as to whether he and McGraw-Hill had entered into an agreement whereby McGraw-Hill bound itself to a promise not to discharge Weiner for other than just and sufficient cause.

The limited applicability of *Weiner v McGraw-Hill, Inc.* (*supra*) is emphasized by *Murphy v American Home Prods. Corp.* (58 NY2d 293), decided four short months later. Murphy was employed by American Home Products for 13 years in various accounting capacities, rising to the position of assistant treasurer. After 13 years, he was discharged. So far as is pertinent to the issue before us, he alleged that his discharge was the result of his "blowing the whistle" on accounting improprieties on the part of corporate personnel. The court, noting the limited applicability of *Weiner v McGraw-Hill, Inc.* (*supra*), said (pp 304-305): "New York does recognize that in appropriate circumstances an obligation of good faith and fair dealing on the part of a party to a contract may be implied and, if implied will be enforced (e.g., *Wood v Duff-Gordon*, 222 NY 88; *Pernet v Peabody Eng. Corp.*, 20 AD2d 781). In such instances the implied obligation is in aid

and furtherance of other terms of the agreement of the parties. No obligation can be implied, however, which would be inconsistent with other terms of the contractual relationship. Thus, in the case now before us, plaintiff's employment was at will, a relationship in which the law accords the employer an unfettered right to terminate the employment at any time. In the context of such an employment it would be incongruous to say that an inference may be drawn that the employer impliedly agreed to a provision which would be destructive of his right of termination. The parties may by express agreement limit or restrict the employer's right of discharge, but to imply such a limitation from the existence of an unrestricted right would be internally inconsistent. In sum, under New York law as it now stands, absent a constitutionally impermissible purpose, a statutory proscription, or an express limitation in the individual contract of employment, an employer's right at any time to terminate an employment at will remains unimpaired". (*To the same effect see, Patrowich v Chemical Bank,* 98 AD2d 318.) We conclude that the allegations upon which the second cause of action is bottomed do not establish an actionable claim. Accordingly, we reverse the determination of Special Term and dismiss the second cause. Concur — Ross, J. P., Carro, Asch and Bloom, JJ.