■ EVELYN OAKLEY, Respondent, v ST. JOSEPH'S HOSPITAL, Appellant.—Weiss, J. Appeal from an order of the Supreme Court at Special Term (Crew, III, J.), entered January 4, 1985

in Chemung County, which partially denied defendant's motion for summary judgment dismissing various causes of action in the complaint.

Plaintiff was initially employed by defendant in 1944 as a registered nurse and has been continuously employed in a full-time capacity by defendant since 1960, initially as a staff nurse and later as an evening supervisor. On February 25, 1982, she was discharged ostensibly for poor work performance. At that time, plaintiff was 59 years old. Thereafter, plaintiff commenced this action, containing eight causes of action for, *inter alia,* unlawful age discrimination, breach of contract and intentional infliction of emotional distress. Defendant moved for partial summary judgment dismissing the second, third, fourth, sixth, seventh and eighth causes of action. Special Term denied the motion except as to the fourth cause of action. Defendant has appealed.

Initially, we observe that defendant has not challenged the first and fifth causes of action premised on plaintiff's contention that her termination resulted from her refusal to voluntarily retire in violation of the Federal Age Discrimination in Employment Act of 1967 (29 USC §§ 621-634) (hereinafter ADEA) and the State Human Rights Law (Executive Law art 15).

Defendant first maintains that the eighth cause of action for "breach of an employment contract" failed to set forth an actionable claim since plaintiff was an employee at-will subject to termination at any time *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 300). All parties agree that New York does not recognize a tort cause of action premised on abusive or wrongful discharge of an at-will employee *(supra).* While plaintiff had no written contract of employment, she nonetheless asserted that provisions in the employer's handbook and certain policy directives established a contractual "good cause" standard for termination. Plaintiff placed particular emphasis on the policy statement set forth in the handbook, "[t]o provide, insofar as possible, continuous employment to all whose work proves satisfactory". She also presented two written acknowledgements of receipt indicating that she would review and apply the handbook policies. She was further advised to apply these policies to employees under her supervision. On the basis of the foregoing, Special Term concluded that summary judgment was inappropriate since issues of fact were raised as to whether defendant agreed not to terminate plaintiff's employment absent a showing of good cause.

We disagree. The employer's handbook does not expressly exclude termination without cause *(cf. Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 460). The quoted policy statement is akin to statements which the Court of Appeals recently deemed insufficient to limit an employer's right to terminate an at-will employment in *O'Connor v Eastman Kodak Co.* (65 NY2d 724, 725-726). *(See also, Wexler v Newsweek, Inc.,* 109 AD2d 714, 716; *Citera v Chemical Bank,* 105 AD2d 636, 637; *Toshiba Am. v Simmons,* 104 AD2d 649, 650; *Patrowich v Chemical Bank,* 98 AD2d 318, 322, *affd* 63 NY2d 541.) In effect, neither the handbook nor the policy directives, imposing basic supervisory guidelines, provide an express limitation on plaintiff's individual contract of employment *(see, Murphy v American Home Prods. Corp., supra,* p 305). Nor has plaintiff established any detrimental reliance *(cf. Weiner v McGraw-Hill, Inc., supra).* Accordingly, Special Term improperly failed to dismiss the eighth cause of action.

Defendant next asserts that the seventh cause of action, phrased as one for prima facie tort but which the parties have treated as a claim for intentional infliction of emotional distress, should be dismissed for lack of supportive evidence. We agree. The case of *Murphy v American Home Prods. Corp. (supra)* instructs that New York utilizes a strict application of the rule set forth in Restatement (Second) of Torts § 46 (1), i.e., "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress". The conduct envisioned by this rule is characterized as outrageous, extreme, beyond all possible bounds of decency, atrocious and utterly intolerable in a civilized society *(id.,* at comment d; *see, Freihofer v Hearst Corp.,* 65 NY2d 135, 143).

In her pleadings, plaintiff premised this claim on the fact of her termination. In her opposing affidavit, however, she elaborated that the employer's outrageous conduct consisted of withholding appropriate staff assistance in an effort to compel her retirement, thereby endangering the welfare of the patients. Accepting these allegations as within the theory of the pleadings* *(see, Alvord & Swift v Muller Constr. Co.,* 46 NY2d 276, 280-281), we nonetheless conclude that plaintiff has failed to establish a viable cause of action within the strict standards set forth in *Murphy v American Home Prods. Corp. (supra).*

---

* We note that in her verified complaint, plaintiff specified as part of the first cause of action that the employer failed to provide her with the proper resources and otherwise harassed her.

Given that plaintiff is entitled to every favorable inference on the motion *(see, Blake-Veeder Realty v Crayford,* 110 AD2d 1007), the fact remains that her allegations are conclusory in nature and without any underlying factual basis. Contrary to the assertions in plaintiff's brief, there is no factual evidence that defendant engaged in a "campaign" to force her retirement. The employer's November 1981 inquiry as to her intentions concerning retirement is not indicative of outrageous conduct, and no other particular event is described. Therefore, summary judgment dismissing the seventh cause of action should have been granted.

Defendant also seeks dismissal of the second cause of action which alleges an improper limitation, segregation and/or classification of plaintiff on the basis of age in violation of the ADEA. Again, the pleadings simply attribute this violation to plaintiff's termination. Special Term, however, upheld the cause of action on the basis of plaintiff's opposing affidavit, which alleged that plaintiff's successor was a much younger woman who was hired at the same salary level as plaintiff and has since received wage increases, facts which defendant does not dispute. Because plaintiff was supposedly at the top of her grade level at the time of her discharge, we agree with Special Term that an issue of fact has been raised as to whether the employer utilized age as a factor in setting wages. This cause of action was properly sustained.

We reach a similar conclusion as to both the third and sixth causes of action, which respectively allege that defendant violated the ADEA and the State Human Rights Law by discriminating against plaintiff for opposing an unlawful practice, i.e., her termination based on age. While the pleadings again simply refer to plaintiff's termination as the premise for these two claims, her opposing affidavit clarifies that, upon termination, plaintiff was not allowed to utilize defendant's grievance procedure purportedly because such procedure was not available to terminated employees. The logic for such denial is incongruous, for if in fact age was the motivating factor for plaintiff's discharge, then certainly the grievance procedures should be available to protect her interests. Consequently, we agree with Special Term that an issue of fact has been raised as to whether plaintiff was improperly denied resort to the employer's grievance procedures.

Order modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment as to the seventh and eighth causes of actions; motion granted as to those causes of action and they are

dismissed; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.