Ashley **KOSTARAS**, Plaintiff,

v.

**UNITED AIRLINES, INC.** and Joseph Holahan, Defendants.

No. 84 Civ. 1512 (RO).

United States District Court, S.D. New York.

Dec. 16, 1986.

Friedlander, Gaines, Cohen, Rosenthal & Rosenberg, New York City, for plaintiff; Jeffrey Englander, of counsel.

Hannoch Weisman, Roseland, N.J., for defendants; William J. Heller, Roseland, N.J., Kathleen K. Intini, Chicago, Ill., of counsel.

## MEMORANDUM AND ORDER

OWEN, District Judge.

Plaintiff alleges that he was wrongfully discharged by United Airlines as a result of age discrimination and in breach of an employment contract. Plaintiff also alleges that the manner in which he was fired comprised a prima facie tort and the intentional infliction of emotional distress, and further charges defendant Holahan with defamation. Defendant moves for partial summary judgment, asserting that no employment contract existed, that the statute of limitations has run as to the noncontract claims, and that neither the prima facie tort claim nor the intentional infliction of emotional distress claim states a claim upon which relief may be granted. Plaintiff consents to a dismissal of the defamation claim, in the face of the statute of limitations.

Plaintiff states that he was hired as a sales representative by United in 1961 after Capital Airlines, his employer of seven years, merged with United. Plaintiff did not sign an employment contract with United. When plaintiff joined United, he was given an employee handbook. The section of the handbook entitled "TERMINATION OF EMPLOYMENT" discusses only "Lay Off," "Discharge for Cause," and "Voluntary Separation". "Discharge without cause" is not mentioned in this section nor anywhere else in the handbook. The handbook provides that "Lay Off" is to be done on the basis of seniority. Under "Discharge for Cause," the handbook states, "Before final action is taken to suspend or discharge an employee, an investigation will be conducted by the employee's superviser.... An employee will be allowed to present such information as is pertinent to his case...." Handbook at 61–63. The handbook also speaks of a "formal appeal" process. In addition to the handbook, United issued a number of memoranda to its employees during plaintiff's tenure with the airline which outlined reasons and procedures for termination. One of those memoranda, entitled "TERMINATION OF EMPLOYMENT," lists under the caption "REASONS FOR SEPARATION," resignation, discharge for cause, retirement, death, and failure to return from leave of absence or layoff. Once again, there is no mention of discharge without cause.

Plaintiff asserts that he turned down at least two offers of employment with other companies while he was employed at United. Between 1973 and 1975, plaintiff was offered employment as a sales manager with Trans World Airlines and as a marketing manager with Hertz, at salaries at least $10,000 higher than what he was earning at United. In both instances, United superiors convinced plaintiff to remain with United, citing the job security he had with the company. Plaintiff was fired by United on March 4, 1982, and filed his complaint herein on March 2, 1984.

■ Courts are increasingly sympathetic to employees of long-standing and mature years who are discharged without cause. *See, e.g., Gorrill v. Icelandair/Flugleidir,* 761 F.2d 847 (2d Cir.1985). The law of New York, pronounced in *Weiner v. McGraw-Hill, Inc.,* 57 N.Y.2d 458, 457 N.Y. S.2d 193, 443 N.E.2d 441 (1982), is clear that in order to find that plaintiff's employment was other than "at will," the handbook—or some other expression of the employer—must expressly exclude termination without cause as a grounds for termination. *See also Oakley v. St. Joseph's*

*Hospital,* 116 A.D.2d 911, 498 N.Y.S.2d 218, 219 (App.Div.1986), citing *Murphy v. American Home Products Corp.,* 58 N.Y.2d 293, 461 N.Y.S.2d 232, 448 N.E.2d 86 (1983). A categorical listing of reasons for termination without including discharge without cause is, by specific omission, arguably just such an express exclusion of termination without cause as grounds for termination as New York law envisions. Thus, partial summary judgment as to the contract dispute is denied.

 Defendants also move to dismiss plaintiff's claims of prima facie tort and intentional infliction of emotional distress, on the grounds that those claims are merely a rephrasing of the above discussed contract claim. However, plaintiff does not simply object to the fact that he was fired; rather, he asserts that the *manner* of firing harmed him. *See* Complaint at 8–9; *see also* Plaintiff's Brief in Opposition at 18. Moreover, both plaintiff's prima facie tort claim and intentional infliction of emotional distress claim meet the legal requirements and contain the requisite factual support for such claims. *See, e.g., ATI, Inc. v. Ruder & Finn, Inc.,* 42 N.Y.2d 454, 458, 398 N.Y.S.2d 864, 866, 368 N.E.2d 1230, 1231 (1977) (requirements for a prima facie tort claim); *Murphy,* 58 N.Y.2d at 303, 461 N.Y.S.2d at 236, 448 N.E.2d at 91 (requirements for a claim of intentional infliction of emotional distress).

Finally, defendants move to dismiss both the above claims on statute of limitations grounds. A one-year limitations period applies to the tort of intentional infliction of emotional distress. *See* N.Y.C. P.L.R. § 215; *Goldner v. Sullivan, Gough, Skipworth, Summers and Smith,* 105 A.D.2d 1149, 482 N.Y.S.2d 606, 608 (1984). As plaintiff filed his claim outside of this one-year limitations period, the intentional infliction of emotional distress claim is dismissed. At the same time, the New York court has indicated that the three-year limitations period of N.Y.C.P.L.R. § 214(5) applies to prima facie tort claims such as that here. *See Serrano v. Flight Motel, Inc.,* 95 Misc.2d 669, 408 N.Y.S.2d 198 (Sup.Ct.

1978). As such, the prima facie tort claim made here was brought in a timely fashion.

Accordingly, defendants' motion for partial summary judgment as to the intentional infliction of emotional distress claim is granted, and the defamation claim is dismissed on consent. Defendants' motion for partial summary judgment on the other claims is denied.

So ordered.