Donna K. A. Dicocco, Respondent, v Capital Area Community Health Plan, Inc., Appellant.

Third Department, March 3, 1988

APPEARANCES OF COUNSEL

*Hinman, Straub, Pigors & Manning, P. C.* (*Eileen M. Kelly* of counsel), for appellant.

*Parisi, DeLorenzo, Gordon, Pasquariello & Weiskopf, P. C.*
*(Thomas E. DeLorenzo* of counsel), for respondent.

**OPINION OF THE COURT**

WEISS, J.

Plaintiff was hired as a part-time licensed practical nurse in April 1982. In June 1982 she was placed on "new employee status", a 90-day probationary period, working full time. At the expiration of this probationary period in September 1982, plaintiff maintains that she was given a copy of a personnel handbook and told by her supervisor that "as long as you do your job, you'll be here for as long as you want. We can only terminate or fire you for just cause and that has to be something in violation of our rules." Between the spring of 1983 and plaintiff's termination in August 1984, several complaints were registered concerning her job performance. In May 1984, plaintiff was placed on three months' probation by her unit coordinator. During the last two months of her probationary period, plaintiff called in sick seven times and took six additional days off without pay. At the conclusion of this period, plaintiff was terminated for "misuse of sick time" and the instant action ensued.

In her first cause of action, plaintiff maintains that she was wrongfully discharged because of a disability in violation of Executive Law § 296 and, in the second cause of action, that defendant breached an implied employment contract by terminating her without just cause or an opportunity to be heard. Finding that triable issues of fact might exist concerning the presence of an enforceable employment contract, Supreme Court denied defendant's motion for summary judgment, without prejudice to a renewal of the motion upon further discovery.

■ Initially, we note that the first cause of action alleging discharge in violation of Executive Law § 296 (1) (a) should be dismissed. Plaintiff was discharged for *"misuse* of sick time * * * during a time period when * * * already on probation", not because of any disability (emphasis supplied). The purpose of Executive Law § 296 is to prevent discrimination against persons suffering from a disability but who can be or are productive workers *(McAuliffe v Taft Furniture Warehouse & Showroom,* 116 AD2d 774, 775, *lv denied* 67 NY2d 609). Plaintiff was not fired because she was unable to perform her duties as the result of a disability; rather, the reason was

misconduct *(see, Matter of Silk v Huck Installation & Equip. Div.,* 109 AD2d 930).

We reach a different result with respect to the second cause of action. While the absence of a written contract generally gives rise to a presumption of an at-will employment, terminable by either party without cause *(Sabetay v Sterling Drug,* 69 NY2d 329, 333), such presumption can be overcome by establishing an implied employment contract *(Weiner v McGraw-Hill, Inc.,* 57 NY2d 458). A plaintiff must plead, and to succeed prove, that an implied employment contract resulted from a writing which specifically limits the employer's common-law right to fire without cause *(Sabetay v Sterling Drug, supra,* at 336), that the plaintiff was aware of the written policy at the time the employment commenced *(Rizzo v International Bhd. of Teamsters, Local 237,* 109 AD2d 639, 641), and that the plaintiff relied upon the "termination only for cause" policy in accepting employment *(O'Donnell v Westchester Community Serv. Council,* 96 AD2d 885).

■ We find that the second cause of action in the complaint satisfied these pleading criteria. The personnel manual expressly "reserves the right to terminate employees for sufficient and just cause". The manual lists three exceptions to this just cause provision but did not include "termination without cause" *(see, Kostaras v United Airlines,* 650 F Supp 576, 578). Second, plaintiff alleged that she was aware of the written policies at the time her 90-day probationary period ended in September 1982, when she met with her supervisor "about being an employee at [defendant]" and was given a copy of the personnel manual. Third, she alleged good-faith reliance upon both the oral and written representations concerning defendant's employee termination policy and contends that she declined other job opportunities in reliance upon defendant's guarantee of job security. Finally, plaintiff asserted that defendant breached this implied contract by terminating her without cause. The termination notice referred only to sick leave abuse. Notably, such a charge was not a specifically enumerated ground for discharge in the personnel manual and, while plaintiff missed 7 days, defendant's written policies provided 12 days of sick leave. While defendant asserts other misconduct in its brief, the fact remains that plaintiff was officially fired for sick leave abuse only *(compare, Matter of Ahsaf v Nyquist,* 37 NY2d 182).

While defendant accurately identifies certain factual distinctions between this case and *Weiner v McGraw-Hill, Inc.* (57

NY2d 458, *supra),* this absence of factual identity is not dispositive. As the Court of Appeals instructed in *Weiner,* the focus is not on " 'any single act, phrase or other expression', but 'the totality of all of these, given the attendant circumstances, the situation of the parties, and the objectives they were striving to attain' " *(supra,* at 467, quoting *Brown Bros. Elec. Contrs. v Beam Constr. Corp.,* 41 NY2d 397, 400). Considering all of the circumstances, the issue of whether there was an implied employment contract, and, if so, whether it was breached, should be determined at trial and not at this procedural juncture *(see, Lapidus v New York City Ch. of N. Y. State Assn. for Retarded Children,* 118 AD2d 122, 128).

We have considered defendant's remaining contentions and find them to be unpersuasive.

MAHONEY, P. J., CASEY and YESAWICH, JR., JJ., concur.

Order modified, on the law, with costs to plaintiff, by reversing so much thereof as denied defendant's motion for summary judgment on the first cause of action; motion granted to that extent and first cause of action dismissed; and, as so modified, affirmed.