■ ANTHONY SCORDO, Respondent, v SCATURRO SUPERMARKETS et al., Appellants.—In an action, inter alia, to recover damages for breach of an employment contract, the defendants appeal, as limited by their notice of appeal and brief,

from so much of an order of the Supreme Court, Nassau County (McCabe, J.), entered August 24, 1988, as denied those branches of their motion which were to dismiss the first, third and fourth causes of action in the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were to dismiss the first, third and fourth causes of action are granted, and those causes of action are dismissed.

Absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party *(see, Sabetay v Sterling Drug,* 69 NY2d 329, 333; *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458).* In interpreting *Weiner v McGraw-Hill, Inc. (supra),* this court has noted: "An action to recover damages for the breach of an employment contract may be maintained, notwithstanding the indefinite term, where the existence of a limitation by express agreement is demonstrated by such circumstances as (1) the employee was induced to leave his prior employment by the assurance that his new employer would not discharge him without cause, (2) that assurance is incorporated into the employment application, and (3) the employment is subject to the provisions of a personnel handbook or manual which provides that dismissal will be for just and sufficient cause only" *(Diskin v Consolidated Edison Co.,* 135 AD2d 775, 777).

The plaintiff asserts that the defendants "affirmatively promise[d]" him that the terms and conditions of his employment would be comparable to those specified in the collective bargaining agreement. The collective bargaining agreement provides that an employee cannot be discharged "except for just cause". The plaintiff also invokes the existence of an "Employee Handbook" which, "upon information and belief," included provisions "rising to the level of an employment contract". Finally, the plaintiff alleges that "the conduct of Defendant Company over a period of approximately twenty-eight years created a contractual relationship between" the parties.

Even assuming, as we must at this juncture, the truth of the plaintiff's allegations, there is no allegation, or statement from which an allegation may be fairly inferred, that the plaintiff was "induced" to leave other employment or that there existed an employment application. Moreover, the plaintiff, a nonbargaining unit employee, was not subject to the collective bargaining agreement and there was no allegation that the "Employee Handbook" restricted the employer's right to discharge at will. Under the circumstances, those branches

of the defendant's motion which were to dismiss the first, third and fourth causes of action should have been granted. Rubin, J. P., Eiber, Rosenblatt and Miller, JJ., concur.