■ In the Matter of JAMES LEYDEN, Petitioner, v BOARD OF EDUCATION OF THE NORTH MERRICK UNION FREE SCHOOL DISTRICT et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the Board of Education of the North Merrick Union Free School District, dated March 28, 1989, which, after a hearing, dismissed the petitioner from his employment as a custodian.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner contends that his employment was terminated for excessive absence, primarily resulting from his alcoholism, in violation of Executive Law §§ 296 and 292. The record sufficiently demonstrates, however, that the petitioner was discharged for misconduct arising out of five incidents of theft of services, in addition to his failure to report to work for 15 full days and five half days, and not because of a disability (*see, Dicocco v Capital Area Community Health Plan,* 135 AD2d 308). Additionally, the petitioner conceded that only some of his absences were alcohol related and further admitted that some of his absences for illness were not legitimate. Bracken, J. P., Eiber, Harwood and Balletta, JJ., concur.

■ In the Matter of HARRY REICHENBAUM, Deceased. ELEANOR F. REICHENBAUM, Appellant; REICHENBAUM & SILBERSTEIN, P. C., Respondent.—Appeal by the petitioner from an order of the Surrogate's Court, Nassau County (Radigan, S.), dated November 24, 1989.

Ordered that the order is affirmed, with costs payable out of the estate, for reasons stated by Surrogate Radigan at the Surrogate's Court. Bracken, J. P., Eiber, Miller and Ritter, JJ., concur.