(December 30, 1991)

■ GEORGE J. BAKER, SR., Respondent, v CITIBANK, N. A., Appellant.—In an action, *inter alia,* to recover damages for wrongful discharge and breach of an employment contract, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Jones, J.), entered January 22, 1990, as denied its motion for summary judgment dismissing the plaintiff's second, third, and fourth causes of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the second, third, and fourth causes of action are dismissed.

The Supreme Court should have granted the defendant's motion to dismiss the plaintiff's second cause of action sounding in wrongful discharge, since New York does not recognize tort liability for such a cause of action *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 300-302).

Absent an agreement establishing employment for a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party *(see, Sabetay v Sterling Drug,* 69 NY2d 329, 333; *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458). In interpreting *Weiner v McGraw-Hill, Inc. (supra),* this court has noted: " 'An action to recover damages for the breach of an employment contract may be maintained, notwithstanding the indefinite term, where the existence of a limitation by express agreement is demonstrated by such circumstances as (1) the employee was induced to leave his prior employment by the assurance that his new employer would not discharge him without cause, (2) that assurance is incorporated into the employment application, and (3) the employment is subject to the provisions of a personnel handbook or manual which provides that dismissal

will be for just and sufficient cause only' " *(Scordo v Scaturro Supermarkets,* 160 AD2d 932, 933; *see, Diskin v Consolidated Edison Co.,* 135 AD2d 775, 777).

The plaintiff was unable to demonstrate any of the foregoing circumstances. The plaintiff had no written contract of employment. There is no evidence in the record that the plaintiff was induced to leave his prior employment by the assurance that the defendant would not discharge him without cause. His employment application clearly stated that "the duration of your employment is at our discretion and therefore may be terminated at any time". Furthermore, the plaintiff did not allege that he refused other employment opportunities because of what he believed to be the defendant's termination policies *(see, D'Avino v Trachtenburg,* 149 AD2d 401, 402; *Patrowich v Chemical Bank,* 98 AD2d 318, 323, *affd* 63 NY2d 541). The plaintiff's deposition testimony reveals that he refused the offers of other banks because, in each case, he was promised a promotion by the defendant. Moreover, the provisions of the "Personnel Policy Guide for Citibank Officers and Equivalent Staff", upon which the plaintiff relied, enumerated several reasons for dismissal including unsatisfactory performance, misconduct, violation of the defendant's policies and fraud or dishonesty in work-related matters. It did not however, limit the defendant's right to discharge an employee at will to just and sufficient cause only *(see, Dickstein v Del Labs.,* 145 AD2d 408, 409; *see also, Oakley v St. Joseph's Hosp.,* 116 AD2d 911; *Wexler v Newsweek, Inc.,* 109 AD2d 714). Thus, the plaintiff's employment could have been terminated at will and, accordingly, his third and fourth causes of action sounding in breach of contract should have been dismissed.

We have considered the plaintiff's remaining contentions and find them to be without merit. Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.