■ THOMAS O'REILLY, Respondent, v CITIBANK, N. A., Appellant. [603 NYS2d 572] —In an action to recover damages for wrongful discharge and breach of an employment contract, the defendant appeals from an order of the Supreme Court, Nassau County (Colby, J.), entered April 12, 1991, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the defendant's motion for summary judgment is granted, and the complaint is dismissed.

The Supreme Court should have granted the defendant's motion to dismiss the plaintiff's wrongful discharge cause of action, since New York does not recognize tort liability for

what has become known as wrongful or abusive discharge *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293, 300-302).

The Supreme Court also should have dismissed the plaintiff's breach of contract cause of action. It is settled law in New York that, absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party. However, an action to recover damages for the breach of an employment contract may be maintained, notwithstanding the indefinite term of employment, when the existence of an express agreement limiting the employer's otherwise unfettered right to discharge its employees is demonstrated by such circumstances, as: (1) the employee was induced to leave his prior employment by the assurance that his new employer would not discharge him without cause, (2) the assurance was incorporated into the employment application, (3) the employee rejected other offers of employment in reliance on the assurance, and (4) the employment was subject to the provisions of a personnel handbook or manual which provided that dismissal would be for just and sufficient cause only *(see, Sabetay v Sterling Drug,* 69 NY2d 329, 333-334; *Weiner v McGraw-Hill, Inc.,* 57 NY2d 458, 465-466).

The plaintiff, who had no written contract of employment, is unable to demonstrate any of the foregoing circumstances. His employment application clearly stated that "the duration of your employment is at the discretion of the Employer, and therefore may be terminated at any time". There is no evidence in the record that the defendant induced the plaintiff to leave prior employment by assuring him that it would not discharge him without cause. The plaintiff commenced working for the defendant upon graduating from high school and, except for a summer job in a supermarket, he had no prior employment. Moreover, the plaintiff does not allege that he refused other employment opportunities because of what he believed to be the defendant's termination policies. In fact, the plaintiff never looked for, nor was he ever offered, another job in the 22 years that he worked for the defendant. Finally, this Court has already held, in another case interpreting the same language, that the provisions of the defendant's "Personnel Policy Guide for Citibank Officers and Equivalent Staff", upon which the plaintiff relies, do not limit the defendant's right to discharge an at-will employee to situations where there is just and sufficient cause *(see, Baker v Citibank,* 178 AD2d 627).

We have considered the plaintiff's remaining contentions

and find that they do not warrant a contrary result. Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.