(September 15, 1994)

■ BERNT ULLMANN, Respondent, v NORMA KAMALI, INC., et al., Appellants. [616 NYS2d 583] —Order, Supreme Court, New York County (Carol Arber, J.), entered October 14, 1993, which, *inter alia,* denied the defendants' motion to dismiss the complaint, unanimously reversed, on the law, the motion is

granted and the complaint is dismissed, with costs. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint, with costs.

The Supreme Court erred in denying the defendants' motion to dismiss the complaint alleging causes of action for breach of contract, fraud, defamation, failure to pay wages under Labor Law § 198, discrimination based on religion and prima facie tort. Although on a motion to dismiss the complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the facts pleaded are presumed to be true and are accorded every favorable inference, where as here, the allegations consist of bare legal conclusions, as well as factual claims either inherently incredible or flatly contradicted by documentary evidence, they are not entitled to such consideration (*Mark Hampton, Inc. v Bergreen*, 173 AD2d 220, *lv denied* 80 NY2d 788, citing, *inter alia, Roberts v Pollack*, 92 AD2d 440, 444).

The plaintiff was discharged by defendant after only eight days of employment. The defendants introduced an employment application which, in bold print directly above the signature line, stated "I UNDERSTAND AND AGREE THAT IF HIRED, MY EMPLOYMENT IS FOR NO DEFINITE PERIOD AND I MAY BE TERMINATED AT ANY TIME WITHOUT CAUSE OR PRIOR NOTICE". The plaintiff's signature, which, for the first time in opposition to the motion to dismiss he claimed he did not recognize, appears on the application.

The plaintiff's unsubstantiated allegation of oral assurances of employment by the defendants fails to support the breach of contract cause of action. Any vague oral assurances of the nature alleged are insufficient to overcome the presumption that employment is terminable at will in the absence of an express limitation in an employment contract, or other document, personnel policy or procedural handbook (*Sabetay v Sterling Drug*, 69 NY2d 329; *Murphy v American Home Prods. Corp.*, 58 NY2d 293; *Weiner v McGraw-Hill, Inc.*, 57 NY2d 458; *Kosson v Algaze*, 203 AD2d 112; *Scordo v Scaturro Supermarkets*, 160 AD2d 932; *Diskin v Consolidated Edison Co.*, 135 AD2d 775, *lv denied* 72 NY2d 802).

Since the causes of action for fraudulent misrepresentation, defamation, failure to pay wages under the Labor Law, and prima facie tort merely constitute an improper attempt by the plaintiff to circumvent the traditional at-will employee rule, they must be dismissed (*see, Murphy v American Home Prods. Corp., supra*, at 297, 303-304). "A failure to perform promises

of future acts is merely a breach of contract to be enforced by an action on the contract. A cause of action for fraud does not arise when the only fraud charged relates to a breach of contract." *(Tesoro Petroleum Corp. v Holborn Oil Co.,* 108 AD2d 607, *appeal dismissed* 65 NY2d 637; *see also, Zolotar v New York Life Ins. Co.,* 172 AD2d 27.) Further, New York does not recognize a cause of action in tort for abusive or wrongful discharge of an employee *(Ingle v Glamore Motor Sales,* 73 NY2d 183, 188; *Murphy v American Home Prods. Corp., supra),* nor does a cause of action for defamation exist for the mere discharge of an at-will employee *(Nichols v Item Publs.,* 309 NY 596; *Weintraub v Phillips, Nizer, Benjamin, Krim & Ballon,* 172 AD2d 254). The cause of action alleging the defendants' failure to pay wages is legally insufficient since the plaintiff failed to establish that he was not fully compensated for his brief employment. The fifth cause of action for employment discrimination merely alleged that the plaintiff was discharged because he was Jewish. In the absence of any supporting facts or allegations, this cause of action must also be dismissed *(see, Faculty of City Univ. of N. Y. Law School v Murphy,* 149 AD2d 315, 317; *McDonnell Douglas Corp. v Green,* 411 US 792).

The defendants' motion to dismiss the complaint is granted. Concur—Murphy, P. J., Rosenberger, Ross, Rubin and Williams, JJ.