■ BRUCE MICHNICK, Appellant, v PARKELL PRODUCTS, INC., et al., Respondents. [626 NYS2d 265] —In an action for an accounting and to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Collins, J.), dated February 2, 1993, which granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 and 3212 and denied the plaintiff's cross motion, *inter alia,* to strike the defendants' answer.

Ordered that the order is affirmed, with costs.

In 1979, the plaintiff Bruce Michnick and the defendant Parkell Products, Inc. (hereinafter Parkell), entered into an agreement by which Parkell agreed to pay Michnick a 5% commission for each product that he originated or evaluated and that was sold as part of Parkell's line. In 1991, Parkell advised Michnick that the agreement was being changed so that Michnick's percentage of commissions would be reduced to less than 5% but included a guarantee of $40,000 per year. Two months later, Parkell advised Michnick that the agreement was terminated. Michnick then commenced this action where he sought, *inter alia,* an accounting and damages for wrongful discharge.

The agreement between Michnick and Parkell only created an employer-employee relationship since it merely provided for a division of the profits, not a sharing of any losses *(see, Reichart v MacFarland Bldrs.,* 85 AD2d 767; *see also, Wald-*

*man v Englishtown Sportswear,* 92 AD2d 833; *Moscatelli v Nordstrom,* 40 AD2d 903). Thus, no fiduciary relationship was created that would entitle Michnick to an accounting *(see, Reichart v MacFarland Bldrs., supra).*

Since the agreement was not for a specific period of time, it merely created an employment-at-will, which could be terminated by either party at any time *(see, Sabetay v Sterling Drug,* 69 NY2d 329; *Mayer v Publishers Clearing House,* 205 AD2d 506). Therefore, there is no liability in tort *(see, Murphy v American Home Prods. Corp.,* 58 NY2d 293; *O'Reilly v Citibank,* 198 AD2d 270) or in contract *(see, Gould v Community Health Plan,* 99 AD2d 479) for wrongful discharge.

The plaintiff's remaining contentions are without merit. Joy, J. P., Friedmann, Krausman and Florio, JJ., concur.